### H. J. TIMON v. THE STATE.
#### *No. 561. Decided April 23.*

**1. Plea of Former Jeopardy.**—A plea of former jeopardy is not maintainable where the former indictment seeking to charge the same offense was fatally defective.

**2. Aggravated Assault—Separate Counts—Election.**—Where the indictment contained two grounds of aggravation in separate counts, it was not error to refuse to require the State to elect upon which count it would seek a conviction, this being a misdemeanor.

**3. Charge of Court.**—A charge of the court is not erroneous which is based on an allegation in the indictment, supported by the proof.

**4. Insulting Words—Effect of Upon Grade of Offense.**—Grossly insulting words, while they may mitigate the punishment, will not justify or reduce the offense of aggravated to simple assault.

APPEAL from the County Court of Bee. Tried below before Hon. FELIX J. HART, County Judge.

Appellant was convicted of aggravated assault and battery, and his punishment assessed at a fine of $25.

*T. G. Chambless*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of aggravated assault and battery, and fined $25. Plea of jeopardy was properly stricken out. The former indictment, after appellant was placed on trial thereunder, was dismissed, because fatally defective in not alleging venue. Where the indictment is too defective to form the basis of a judgment, a trial thereunder can not afford jeopardy, as against a good indictment charging the same offense, sought to be set out in the first. See Willson's Criminal Statutes, section 1452, for collated authorities.

The indictment charges, in separate counts, two grounds of aggravation, to wit, use of a deadly weapon, and causing serious bodily injury. It was not error to overrule appellant's motion to require the prosecution to elect upon which count the State would seek a conviction. This is a misdemeanor. This is never required, even in felonies, where the various counts set out in the same indictment are for the same transaction, and alleged for the purpose of meeting the evidence as it may develop upon the trial. See Willson's Criminal Statutes, section 2004, for authorities.

The court did not err in charging in regard to an assault producing serious bodily injury. This ground of aggravation was averred in one of the counts, as a means by which the assault became aggravated, and the evidence fully supported it.

It was not error to refuse a special requested instruction, that grossly insulting words would reduce from aggravated to simple assault. Such language may mitigate the punishment of the offense actually committed, but does not justify or reduce the offense.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.