## MRS. CARRIE TUCKER V. THE STATE.

### No. 1638.   Decided March 20, 1912.

**1.—Carrying Pistol—Judgment—Nunc Pro Tunc.**

Where the judgment was not entered at the term of court at which the verdict was rendered, it could be entered nunc pro tunc at the next term of the court on motion of the county attorney after due notice.

**2.—Same—Verbal Charge—Misdemeanor—Bill of Exceptions.**

In the absence of a bill of exceptions it will be presumed that the court gave a verbal charge in a misdemeanor case, and that the same was correct. Articles 719 and 720, Code Criminal Procedure.

**3.—Same—Separate Counts—Indictment—Election by State.**

An indictment in a misdemeanor case may charge by separate counts different misdemeanors, and the State can not be required to elect, and where defendant was convicted on one count, there being two counts in the indictment, there was no error in the absence of a statement of facts.

**4.—Same—Indictment—Pistol.**

An indictment need not charge that the pistol was unlawfully carried. Following Pickett v. State, 10 Texas Crim. App., 290.

Appeal from the County Court of Limestone.   Tried below before the Hon. W. A. Keeling.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—Appellant was indicted in two separate counts—one, wherein she was charged with carrying a pistol on or about her person; another, she was charged on the same day with committing an assault upon Bob Wilson.   She was convicted of carrying a pistol and her punishment fixed at a fine of $100. Nothing was said in the verdict or judgment about the other count in the indictment.

There is no statement of facts or bill of exceptions that can be considered without a statement of facts.

The case was tried on June 9, 1910, and the verdict then rendered by the jury.   By some oversight the judgment was not at that term of court entered up.   During the April term, 1911, the county attorney made a motion, due service of which was had upon appel-

lant, to then enter the judgment nunc pro tunc rendered at the June term, 1910. The court heard and granted this motion, and on April 25, 1911, entered up the proper judgment on said verdict nunc pro tunc.

On April 25, 1911, appellant made a motion in arrest of the judgment because the indictment charges two separate and distinct offenses in no way connected with each other and based on facts entirely different from and in no way connected with each other, and because the presiding judge submitted each of these counts to the jury in separate charges and there was no finding by the jury on the second count. The court overruled this motion. There was no bill of exceptions taken to the ruling of the court upon this motion by which the court verifies the claimed facts in the motion. This is the proper practice in misdemeanor cases, if not the only way this can be shown.

There is no charge of the court shown by the record. We take it, therefore, that the court gave only a verbal charge or no charge at all as authorized by the statute. Articles 719 and 720, Code Criminal Procedure. There is no bill of exceptions in the record on this point, so that, as the record stands, no error is presented. For aught that we can tell from the record, the second count in the indictment may have been abandoned and no charge on that count submitted by the court at all to the jury.

However, the uniform holding of this court is that an indictment by separate counts may charge different misdemeanors. Waddell v. State, 1 Texas Crim. App., 720; Gage v. State, 9 Texas Crim. App., 259; Alexander v. State, 27 Texas Crim. App., 533; Weathersby v. State, 1 Texas Crim. App., 643. Other cases might be cited, but we deem it unnecessary. In Hall v. State, 32 Texas Crim. Rep., 474, it was held that not only could separate and distinct misdemeanors by separate and distinct counts, be charged in one indictment, but that a conviction could be had for each separate offense under each separate and distinct count. This case and the others cited have many times been approved by this court.

It has also been the uniform holding of this court that where an indictment, by separate counts, charges separate and distinct misdemeanors that the State can not be required to elect. Stebbins v. State, 31 Texas Crim. Rep., 294; Thompson v. State, 32 Texas Crim. Rep., 265; Bradshaw v. State, 32 Texas Crim. Rep., 381; Timmon v. State, 34 Texas Crim. Rep., 363; Street v. State, 7 Texas Crim. App., 5; Brown v. State, 38 Texas Crim. Rep., 597; Day v. State, 14 Texas Crim. App., 26, and many other cases.

Besides this, as appellant was convicted only on the first count, charging that she carried a pistol on her person, no injury whatever is shown to her, because the other count was in the indictment, and, as stated above, there being no statement of facts in this case,

it does not appear that any testimony whatever was introduced on the second count.

In the case of Pickett v. State, 10 Texas Crim. App., 290, it was expressly held by this court that the indictment need not charge that the pistol was "unlawfully" carried directly against appellant's contention in her motion for new trial, to the effect that the indictment is fatally defective because this word was not used in charging the offense in this case.

There being no reversible error, the judgment will be affirmed.

*Affirmed.*

Harper, Judge, not sitting, having been of counsel.