OSCAR ROSS V. THE STATE.

No. 9604.   Delivered December 2, 1925.

1.—Possessing Intoxicating Liquor—Indictment—Held Sufficient.

Where on a charge of possessing intoxicating liquor, for the purpose of sale, it is not necessary that the indictment shall charge an "unlawful" possession, where the elements set out charged the existence of facts, which, if sustained, constitute a violation of the law. The failure to insert the word "unlawfully" in the charging part of the indictment does not vitiate it.

2.—Same—Severance—Properly Denied.

Where two or more parties are indicted for the same offense, and a request for a severance is presented, it is not error to refuse the request, if granting same would have operated as a continuance of appellant's case. See Art. 651 C. C. P. 1925.   Following Anderson v. State 8 Tex. Crim. App. 542 and other cases cited.

3.—Same—Continuance—Properly Refused.

Where an application for a continuance is presented on account of the absence of a co-defendant, same is properly refused, because if present such co-defendant being under indictment for the same offense would not be a competent witness for appellant.

**4.—Same—Jury—Selection of—Practice.**

Where appellant, when called upon to select a jury was presented with twenty-six available jurors, his request that the court supply additional jurors, contending that if all the challenges allowed the state and appellant were exercised, a jury could not be obtained from those in the box, there was no error in denying this request. See Arts. 630 & 631 C. C. P. 1925. Following Thurmond v. State 37 Tex. Crim. Rep. 422; 35 S. W. 695 and other cases cited.

**5.—Same—Jury—Selection of—No Error Shown.**

Where a bill of exception complains of the refusal of the court to permit counsel for appellant to ask the prospective jurors certain questions, but fails to show that any objectionable jurors were forced upon appellant by reason of the court's ruling, no error is presented.

**6.—Same—Argument of Counsel—Practice.**

An objection to the argument of counsel cannot be made for the first time in a motion for a new trial, or by a bill of exception presented to the court after the trial is over. The objection must be presented at the time the argument is made. Following Simmons v. State 93 Tex. Crim. Rep. 421 and other cases cited.

Appeal from the District Court of Harrison County. Tried below before the Hon. P. O. Beard, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*F. M. Scott,* of Marshall, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for the possession of intoxicating liquor for the purpose of sale. Punishment assessed is confinement in the penitentiary for one year.

Officers went to the home of appellant where they found more than four gallons of intoxicating liquor in different places about the premises; some was found in the house and some in the yard concealed. Appellant was on the porch as the officers approached his house and was recognized by some of them. He passed into the house and was not present when the officers reached the place. It is shown circumstantially that he escaped out the back door. After discovering the liquor about the premises the officers followed a well-defined path some two hundred yards to a branch where they found a fifty-gallon still, a furnace and a barrel which had been used for a cooling apparatus; they also discovered where a barrel of mash had been recently emptied out on the ground.

. Sam Ross (appellant's brother) and a woman by the name of Mary Smith were at the house when the officers reached there. Sam Ross testified that it was not appellant who left the house when the officers approached, but another negro. This witness claimed to have been there about twenty or thirty minutes before the officers arrived and said appellant had not been there during that time.

By a motion to quash appellant assailed the indictment because it omitted to charge that appellant "unlawfully" possessed the intoxicating liquor for the purpose of sale. We think the indictment not vulnerable to the attack. It charged the existence of facts which if sustained show a violation of the law. The failure to insert the word "unlawfully" in the charging part of the indictment does not vitiate it.

Appellant filed a motion for severance alleging that Mary Smith was separately indicted for the same offense for which appellant was indicted and requested that she be first put upon trial. This was denied. In approving the bill the court explains that when the request for severance was presented he ascertained that Mary Smith was not in court and that to have granted such severance would have operated as a continuance of appellant's case. The court was not in error in the particular complained of. Art. 651 C. C. P. 1925 Revision, 727 Vernon's C. C. P.; Anderson v. State, 8 Tex. Cr. App. 542; Thompson v. State, 34 S. W. 629; Crane v. State, 91 Tex. Cr. R. 304, 240 S. W. 920.

Application for continuance on account of the absence of Mary Smith was also properly overruled. The application fails to show she had ever been summoned as a witness. If present she would not have been permitted to testify for appellant, being under indictment for the same offense.

When appellant was called to select a jury twenty-six men were in the box available as jurors. Appellant requested the court to supply other jurors, contending that if all the challenges allowed the State and appellant were exercised a jury could not be obtained from those in the box. The court committed no error in denying this request. (See Arts. 630 and 631, C. C. P. Revision 1925, 705, 706, Vernon's C. C. P.) Thurmond v. State, 37 Tex. Cr. R. 422, 35 S. W. 695; Reynolds v. State, 71 Tex. Cr. R. 454, 160 S. W. 362.

Bill of exception number five complains of the refusal of the court to permit counsel for appellant to ask the prospective jurors certain questions. It is doubtful if the bill should be considered because of its form, but if considered, we are of

opinion it presents no error. It fails to show that any objectionable jurors were forced upon appellant by reason of the court's ruling.

Complaint is made of certain argument of the district attorney as being an allusion to appellant's failure to testify. The court qualifies the bill by stating that no objection or exception to the argument was made. Complaint of argument cannot be made for the first time in motion for new trial or by bill of exception presented to the court after the trial is over. The objection should be presented at the time the argument is made. Simmons v. State, 93 Tex. Cr. R. 421, 248 S. W. 392; Harris v. State, 93 Tex. Cr. R. 544; 249 S. W. 485; Hicks v. State, 97 Tex. Cr. R. 373; 261 S. W. 579.

Appellant attempts to raise in his brief a question which was not before the trial court. This is a reviewing court and the matter is not one which should be presented here primarily.

The judgment is affirmed.                    *Affirmed.*