## JIM MORRIS V. THE STATE.

No. 9605.   Delivered January 13, 1926.

**1.—Manufacture of Intoxicating Liquor—Indictment—Omitting Word "Unlawfully"—Held, Sufficient.**

Where an indictment charging the manufacture of intoxicating liquor omits the word "unlawfully" from the charging part of same, this omission does not affect the validity of the indictment. This identical question was decided adversely to appellant in the case of Ross v. State No. 9604 recently handed down.

**2.—Same—Medicinal Purposes—Charge On—Held, Sufficient.**

Where, appellant on a trial for manufacturing intoxicating liquor, defends upon the ground that he had manufactured the liquor for medicinal purposes, to be used by his father and mother, and such issue is clearly and fairly submitted in the court's main charge, there was no error in refusing a requested charge not different in substance from the paragraph of the main charge on the same issue.

**3.—Same—Impeaching Witness—Held, Proper.**

It is permissible and proper to ask a witness on cross-examination either when testifying for the State or the defendant if he had not been indicted for a felony, as affecting his credibility as a witness. Following Lights v. State, 21 Tex. Crim. App. 300 and numerous other cases collated in Branch's Ann. Tex. P. C., Sec. 167.

Appeal from the District Court of Harrison County.   Tried below before the Hon. P. O. Beard, Judge.

Appeal from a conviction for the manufacture of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*H. T. Lyttleton,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the manufacture of intoxicating liquor, punishment fixed at confinement in the penitentiary for one year.

The charging part of the indictment contains these words:

" * * * did then and there manufacture spirituous, vinous and malt liquors, capable of producing intoxication, against the peace and dignity of the State."

The validity of the indictment is attacked by motion to quash upon the ground that it is vitiated by the omission of the word "unlawfully". The point was decided against the appellant's contention in the case of Ross v. State, No. 9604, recently decided. That the appellant possessed a distilling apparatus and was engaged in the manufacture of whiskey was proved and is uncontroverted. He defended upon the ground that he was making whiskey for medicinal purposes for the use of his mother and father. From the paragraphs of the main charge submitting this issue to the jury, we quote:

"If the jury shall believe that the defendant was manufacturing the liquor in question solely for medicinal purposes to be used by his mother and father, or either of them, then find him not guilty."

"Or if the jury shall have a reasonable doubt as to whether the defendant was manufacturing the liquor in question solely for medicinal use by his mother or father, or either of them, then give him the benefit of the doubt and acquit him."

By a requested charge and exception to the main charge the sufficiency of the submission of the issue mentioned is challenged, but we think not justly so. The exception was general, and the special charge was not different in substance from the paragraphs of the main charge which have been quoted.

The bill complaining of the fact that a witness for the appellant was asked if it was not a fact that he had been indicted for possessing intoxicating liquors shows no error. As affecting the credibility of the witness, proof that he had been indicted for a felony was competent. See Lights v. State, 21 Tex. Crim. App. 308, and numerous other cases collated in Branch's An. Tex. P. C., Sec. 167.

The judgment is affirmed.

*Affirmed.*