ALBERT BOYD V. THE STATE.

No. 10691.   Delivered February 16, 1927.

Rehearing denied April 20, 1927.

**1.—Driving Auto While Intoxicated—Indictment—Held Sufficient.**

An indictment charging in the same count the driving of an automobile and the operating of same on a public highway, is not duplicitous. Where a statute set forth numerous different ways in which the same offense can be committed, it is proper to allege one or more of the acts which constitute the offense in the same count. Following Williams v. State, 271 S. W. 628, and other cases cited.

**2.—Same—Continued.**

Nor was the indictment defective by reason of its failing to charge that the appellant "unlawfully" drove and operated said automobile, etc. The use of the word "unlawfully" was held not necessary in the cases of Ross v. State, 277 S. W. 667, and Morris v. State, 279 S. W. 273.

**3.—Same—Evidence—Res Gestae—Properly Admitted.**

Where, on a trial for driving an auto while intoxicated, it was shown that appellant's automobile had been wrecked, and was burning, there was no error in permitting the state to prove that appellant assaulted a witness who came up to the car, with a knife. The testimony was clearly admissible as res gestae. See Revilla v. State, 280 S. W. 1064.

**4.—Same—Evidence—Of Appellant's Condition—Properly Admitted.**

Where appellant was being tried for driving an auto while intoxicated, there was no error in permitting the state to prove that witnesses saw appellant, and judging from his acts and conduct, he was drunk. The only way

a witness could testify to a person being drunk would be by basing their opinion on his acts and conduct.

**5.—Same—Allegation and Proof—No Variance Shown.**

Where the indictment alleged that the offense was committed on a named public road, which leads from Alto, Texas, to Forrest, Texas, the fact that such road did not begin at Alto, Texas, nor end at Forrest, Texas, would not constitute a variance between the allegation and proof.

ON REHEARING.

**6.—Same—Fining a Witness—Not Error.**

Appellant complains of the action of the trial court in fining one of his witnesses, who was late in arriving at court, as amounting to a comment by the court on the credibility of said witness. This action could not have been understood by the jury as reflecting upon the credibility of the witness. Distinguishing Waters v. State, 192 S. W. 778, and other cases cited.

Appeal from the District Court of Cherokee County. Tried below before the Hon. C. A. Hodges, Judge.

Appeal from a conviction for driving and operating an automobile upon a public highway while intoxicated, penalty a fine of $25.00.

The opinion states the case.

*Guinn & Guinn* of Rusk, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of unlawfully driving and operating an automobile upon a public highway while intoxicated, and his punishment fixed at a fine of $25.00.

It was the contention of the state that on December 25, 1925, the appellant, while under the influence of intoxicating liquor, drove his automobile upon the public road in Cherokee County, known as the Jim Hogg highway. The state introduced evidence to the effect that appellant, at the time and placed alleged, wrecked his automobile on account of being drunk; that said automobile caught on fire, and while people were attempting to extinguish the flames the appellant, under the influence of whiskey, assaulted the state's witness Bedsole without provocation, and attempted to cut him with a knife. While the appellant failed to testify, he defended upon the ground, and introduced testimony to the effect, that he was not intoxicated or under the influence of intoxicating liquor at the time and place in question.

The indictment, omitting the formal parts, charged that the appellant "did then and there drive and operate an automobile upon a public highway, to-wit: the Jim Hogg highway, leading from Alto, Texas, to Forrest Texas, in said county, and while so driving and operating said automobile on said public highway was then and there under the influence of intoxicating liquor," etc. The appellant complains of the refusal of the court to sustain his motion to quash the indictment on the ground that same was duplicitous and charged two offenses in the same count, namely, that of driving the automobile and that of operating same upon said public highway, etc. There is no error shown in the ruling of the court on this motion. The indictment did not charge two different offenses in the same count, but only charged different methods of committing the same offense and therefore was not duplicitous. Williams v. State, 271 S. W. 628; Goforth v. State, 273 S. W. 845; Klein v. State, 283 S. W. 791; Cupp v. State, 285 S. W. 322.

The appellant also attacks the indictment upon the ground that it is void in failing to allege that the appellant "unlawfully" drove and operated said automobile, etc. This court held against appellant on this contention in Ross v. State, 277 S. W. 667, and Morris v. State, 279 S. W. 273.

Appellant complains of the action of the court in permitting the state's witnesses to testify over his objection that while the state's witness Bedsole was standing in the public road near where the appellant's automobile was burning, the appellant assaulted him and attempted to cut him with a knife, the appellant's objection to said testimony being that it was prejudicial and attempted to show extraneous offenses other than the one for which he was on trial. The court's qualification to this bill shows that these events were part of one entire transaction, occurring at the same time and place, and that the testimony complained of was admissible under the rule of res gestae and also for the purpose of showing the condition of the appellant— whether he was drunk or sober. There was no error in the admission of this testimony. We think it was clearly admissible upon the ground of res gestae. Revilla v. State, 280 S. W. 1064.

The appellant also complains of the action of the court in permitting the state's witnesses to testify over his objection that in their opinion the appellant was drunk at the time and place alleged in the indictment. The appellant contends that this was error on account of involving conclusions and opinions on the part of said witnesses. These witnesses stated that they saw appellant and "judging from his acts and conduct he was drunk."

There was no error in the admission of this testimony. The only way said witnesses could testify as to the appellant's being drunk would be by basing their opinions on his acts and conduct. We think this was clearly legitimate testimony.

The appellant, in several bills of exception, complains of the argument of the District Attorney. These bills, as presented, show no error.

It is also contended by appellant's counsel that the evidence is insufficient in that it fails to show that the offense was committed on a public road, as alleged in the indictment, and in that the evidence of the state is at variance with the allegations in the indictment, the indictment alleging that the Jim Hogg highway leads from Alto, Texas, to Forrest, Texas, while the minutes of the commissioners court show the beginning and ending of said road to be at other points. We are of the opinion that there is no merit in either of these contentions, and that the evidence is amply sufficient to support the allegations in the indictment and does show that the public highway in question passes from Alto, Texas, to Forrest, Texas, between which points the offense occurred. As we understand the record, these two places are intermediate points on the highway, between the original beginning and terminal points, and this would not constitute a variance between the proof and the allegations.

After a careful examination of the entire record, we are of the opinion that the judgment of the lower court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant has a rather lengthy motion, discussing practically all of the questions originally raised and decided by us in our former opinion. We have considered each of these points and are not in accord with the position taken by appellant in any of them.

He urges that we did not discuss his bill of exceptions No. 12, which presented complaint of the action of the trial court in finding a witness for defendant who was late in arriving at court. Appellant insists that this action amounted to a comment on the credibility of the witness. We do not think so.

The cases cited by appellant—Waters v. State, 192 S. W. 778; Scott v. State, 72 Tex. Crim. Rep. 26; Deary v. State, 62 Tex. Crim. Rep. 352, and others—are cases in which the court made comments upon the manner and character of testifying of the defendant's witnesses, which our court deemed a transgression of the rule forbidding the court to comment on the evidence. Nothing of that kind appears in the case before us. The witness was late. When he came in the court said: "I fine you for being late." This could not have been understood by the jury as reflecting upon the credibility of the witness.

The motion for rehearing will be overruled.

*Overruled.*