David Lee SUMMERALL, Appellant,

v.

The STATE of Texas, Appellee.

No. 49200.

Court of Criminal Appeals of Texas.

Oct. 9, 1974.

———◆———

Antonio G. Cantu, San Antonio (Court-appointed), for appellant.

Ted Butler, Dist. Atty., Michael Schill and Douglas C. Young, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant waived a jury, entered a plea of guilty, and was convicted of burglary with intent to commit theft. Punishment was assessed at three years' confinement.

The trial was on February 4, 1974. In his first ground, appellant contends that the court erred in failing to apply the "new" sanity test to determine his competency to stand trial prior to accepting his plea of guilty. See Section 8.01, V.T.C.A., Penal Code, effective January 1, 1974.

The record reflects that the appellant was duly admonished by the court in full and complete compliance with Article 26.-13, Vernon's Ann.C.C.P. The court then engaged in the following colloquy with defense counsel:

"THE COURT: Mr. Beacham, in your opinion is the defendant a person of sound mind?

"MR. BEACHAM: I believe he is, Your Honor.

"THE COURT: In your opinion does he know the difference between right and wrong and understands the nature and the consequences of his act?

"MR. BEACHAM: I believe he does, Your Honor.

"THE COURT: In your opinion is the Defendant mentally competent to stand trial at this time?

"MR. BEACHAM: Yes, sir, Your Honor.

"THE COURT: All right, have you explained to the Defendant his Constitutional right of a trial by jury?

"MR. BEACHAM: I have, Your Honor.

"THE COURT: Are you satisfied that he understand those rights and that he has knowingly and intentionally agreed to waive a trial by jury?

"MR. BEACHAM: I believe he has, Your Honor."

■ Unless an issue is made of a defendant's competency to stand trial, the court need not hear evidence or make inquiry of his competency, although, as said in Ring v. State, Tex.Cr.App., 450 S.W.2d 85, 88, and repeated in Lucero v. State, Tex.Cr.App., 502 S.W.2d 750, 753, "the careful practice usually followed was for the trial judges to inquire into the accused's competency to stand trial before accepting a plea of guilty or nolo contendere."

■ In the instant case, the careful court inquired of appellant's counsel as to appellant's sanity and of his competency to go to trial. The court was able to observe him in open court, hear him speak, note his demeanor, and engage in a colloquy with him regarding the voluntariness of his pleas. The issue of insanity was not ever raised. All requirements of Article 26.13, V.A.C.C.P., as to "it plainly appeared to the court that the defendant is of sound mind" were fulfilled. There is no merit in appellant's first ground of error concerning the alleged failure to apply the "new" sanity test, and it is overruled. Ring v. State, supra; Lucero v. State, supra; Kane v. State, Tex.Cr.App., 481 S.W.2d 808; Thorn v. State, Tex.Cr.App., 491 S. W.2d 425.

Appellant next complains that the court erred in failing to ascertain whether he was intentionally and intelligently waiving his constitutional rights to confront the witnesses used against him and his privilege against self-incrimination. Appellant does not challenge the voluntariness of his guilty plea, or of his executing the waiver of confrontation and cross-examination, or of his judicial confession of guilt. He merely contends that the record fails to affirmatively show that the trial court personally informed him of his rights and privileges.

■ We overrule this contention. The record reflects that the court went to great lengths to advise appellant in detail of his rights and privileges. In addition, the written waiver executed by appellant, and also signed by counsel and approved by the court, acknowledges that said rights, including the right of confrontation of witness and privilege from self-incrimination, were fully explained to him by his counsel before he waived trial by jury and plead guilty, and that he fully understood such rights and willingly, knowingly and intelligently waived such rights and privileges.

Appellant's second ground of error is overruled. Casares v. State, Tex.Cr.App., 478 S.W.2d 462; Reyna v. State, Tex.Cr. App., 478 S.W.2d 481.

The judgment is affirmed.

Opinion approved by the Court.