**Frank VASQUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50049.**

Court of Criminal Appeals of Texas.

May 14, 1975.

Rehearing Denied May 28, 1975.

Antonio G. Cantu, San Antonio (Court-appointed), Philip M. Hall, Corpus Christi (Court-appointed), for appellant.

Ted Butler, Dist. Atty., E. Dickinson Ryman and Douglas C. Young, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is delivery of heroin, a controlled substance; the punishment, 10 years.

By ground of error one, appellant contends that the indictment against him is fundamentally defective and will not sup-

port his plea of guilty under Sec. 4.03(a) of the Texas Controlled Substances Act, Vernon's Ann.Civ.St. because it fails to contain the word "unlawfully".[1]

Reliance, among other authorities, is had upon our opinion in Jansson v. State, 473 S.W.2d 40, wherein we said:

"In this case the motion to revoke does not allege facts which would necessarily constitute a violation of the law. It does not allege facts to show and it does not even allege as a conclusion that the possession of narcotics was *unlawful.* Some narcotics may be lawfully possessed if acquired by prescription or other lawful means. The allegations of the motion are fatally defective.

Even if the pleading was sufficient, the proof does not conform to the allegation that appellant possessed narcotics. The testimony of the probation officer here is that the appellant was convicted of possession of *dangerous drugs.*"

In that case the probationer had been convicted of possession of dangerous drugs which constituted the basis for the revocation, but such conviction had been set aside.

The holding in Jansson, supra, must be examined in the light of our earlier decision in Veevers v. State, 172 Tex.Cr.R. 162, 354 S.W.2d 161, wherein we said:

"It is unnecessary for the State to allege that the act was 'unlawfully' done. The rule has been stated as follows:

'Nor need the State aver in expressed terms that the act charged was "unlawfully" done where the facts alleged clearly show it to be unlawful.' 23 Tex.Jur. 632, 33, Indictment and Information, Section 32.

The rule is supported in Texas Jurisprudence with the citation of cases, includ-

ing the following: Tucker v. State, 65 Tex.Cr.R. 627, 145 S.W. 611; Boyd v. State, 106 Tex.Cr.R. 492, 292 S.W. 1112; Morris v. State, 102 Tex.Cr.R. 578, 279 S.W. 273; Ross v. State, 102 Tex.Cr.R. 364, 277 S.W. 667, and many others.

In Ross v. State, supra, it was said:

'By a motion to quash appellant assailed the indictment, because it omitted to charge that appellant "unlawfully" possessed the intoxicating liquor for the purpose of sale. We think the indictment not vulnerable to the attack. It charged the existence of facts which, if sustained, show a violation of the law. The failure to insert the word "unlawfully" in the charging part of the indictment does not vitiate it.'

The Supreme Court of Missouri in the case of State v. Williams, 296 S.W. 155, held that:

'Appellant also contends that the information is defective because it does not charge that the act complained of was prohibited or unlawful. The Constitution (article 6, Sec. 38) provides that an indictment shall conclude with the words "against the peace and dignity of the state". This information concludes with those words. It was not necessary for the information to say that the acts of the defendant were contrary to the statute, when the facts alleged of themselves showed that they were contrary to the statute.' "

It will thus be seen that the motion to revoke in Jansson v. State, supra, "[did] not allege facts to show" that the possession of the narcotics (dangerous drugs) was unlawful.

■ In the case at bar the indictment alleged the delivery of heroin, and we find the reasoning of the Fifth Circuit Court of Appeals in United States v. Miranda, 494

---

1. Sec. 4.03(a) reads in part:
   "Except as authorized by this act, a person commits an offense if he knowingly or intentionally manufactures, delivers or pos-

sesses with the intent to manufacture or deliver a controlled substance listed in Penalty Group 1, 2, 3 or 4."

F.2d 783, to be persuasive. Therein they said:

"Miranda's 'lawful-unlawful' argument must be viewed in the light of his status under the present law. . . .

\* \* \* \* \* \*

Miranda, however, does not fall within one of the registered or exempted categories of people and there is nothing in the indictment which raises this possibility. The distribution of heroin by Miranda as alleged in the indictment could not be lawful."

We conclude that the allegation of "unlawfully" is not requisite in an indictment charging the delivery of heroin.

■ Ground of error two contends that the admonishments given appellant when the trial court accepted appellant's plea of guilty were insufficient because such admonishments did not include his "right to confront witnesses and privileges against self incrimination or the right of compulsory process." The failure to give such admonishment does not invalidate a plea of guilty otherwise freely and voluntarily made. Summerall v. State, Tex.Cr.App., 514 S.W.2d 265; Cevalles v. State, Tex.Cr.App., 513 S.W.2d 865; Franks v. State, Tex.Cr.App., 513 S.W.2d 584.

■ By ground of error three appellant contends that the facts show that he was entrapped as a matter of law, and therefore the evidence is not sufficient to support his plea of guilty.

We need not discuss such contention because the written waiver and consent to stipulations found in the record was sufficient to constitute a judicial confession which will alone support the conviction. Adam v. State, Tex.Cr.App., 490 S.W.2d 189.

The judgment is affirmed.

ODOM, Judge (concurring).

I concur in this affirmance. Appellant contends the indictment, alleging delivery of heroin in violation of Sec. 4.03(a) of the Controlled Substances Act, is fundamentally defective for failure to allege the act was committed "unlawfully."

Sec. 4.03(a), supra, provides:

"Except as authorized by this Act, a person commits an offense if he knowingly or intentionally manufactures, delivers, or possesses with intent to manufacture or deliver a controlled substance listed in Penalty Group 1, 2, 3, or 4."

Sec. 5.10(a) of the Controlled Substances Act provides:

"It is not necessary for the state to negate any exemption or exception set forth in this Act in any complaint, information, indictment, or other pleading or in any trial, hearing, or other proceeding under this Act, and the burden of going forward with the evidence with respect to any exemption or exception shall be upon the person claiming its benefit."

It was not necessary that the State negate any exemptions or exceptions provided by the Act, either explicitly and individually, or generally by alleging the delivery was "unlawful."

I therefore concur in the affirmance.