**Edward FEARON, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–192–CR.**
**(2205cr).**

Court of Appeals of Texas,
Corpus Christi.

May 27, 1982.

Rehearing Denied June 17, 1982.

Discretionary Review Refused
Sept. 15, 1982.

Patrick McGuire, Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty., Corpus Christi, for appellee.

Before BISSETT, UTTER, and KENNEDY, JJ.

OPINION

BISSETT, Justice.

This is an appeal from a conviction for bail jumping. Appellant pled guilty, and the court assessed punishment at five years in the Texas Department of Corrections.

Appellant's sole ground of error alleges that the indictment is fundamentally defective "for failure to allege that the appellant's release from custody in the underlying felony case was lawful."

The indictment alleges that appellant:
"did then and there while under an indictment returned in the 105th Judicial District Court of Nueces County, Texas, in Cause Number 78–CR–758, charging him with the felony offense of burglary, and while *released on bail from custody* under said indictment on the condition that he subsequently appear, intentionally and knowingly fail to appear in the 105th Judicial District Court of Nueces County, Texas, in accordance with the terms of his release which required that he, the defendant, make his personal appearance after indictment before the 105th Judicial District Court of Nueces County, Texas, from the date of said indictment and there remain from day to day and from term to term until discharged by due course of law." (Emphasis added).

Appellant argues, and we quote:
"If 'A,' a civilian with no lawful authority to release an accused on bond, helps 'B,' an accused, escape from jail based on 'B'"s secured promise to 'A' that 'B' will appear and answer before the proper court and 'B' thereafter fails to appear, 'B' may be guilty of escape and he may have breached his promise. He is not, however, guilty of bail jumping since his release was not lawful. Lawfulness of the release is a necessary element required to be alleged and proved by the State." We do not agree.

The State is not required to aver that the act charged was "unlawful" where

the facts alleged clearly show it to be unlawful. See *Vasquez v. State*, 522 S.W.2d 910 (Tex.Cr.App.1975) and cases cited therein. We can think of no reason why the rule should be any different where the statute uses the word "lawful." The indictment in this case charges the existence of facts which, if sustained, show a violation of the law. We think it clear that one who is "released on bail from custody" is perforce lawfully released within the meaning of the statute.

Appellant's hypothetical episode involving "A" and "B," which states a truism, misses the point since an escape is not a lawful release from custody, while bail is. The failure to insert the word "lawfully" in the indictment does not vitiate it.

The appellant's ground of error is overruled, and the judgment of the trial court is AFFIRMED.