COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  | § |  |
|---|---|---|
| HECTOR GARZA, JR., | § | No. 08-12-00149-CR |
| Appellant, | § | Appeal from |
| v. | § | 372nd District Court |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC # 1274171R) |
|  | § |  |

**O P I N I O N**

Hector Garza, Jr. appeals his conviction of sexual assault of a child, enhanced by a prior felony conviction. Appellant waived his right to a jury and entered an open plea of guilty. He also pled true to the enhancement paragraph. The court found Appellant guilty, found the enhancement paragraph true, and assessed his punishment at imprisonment for thirty years. For the reasons that follow, we affirm.

**FACTUAL SUMMARY**

Three girls under the age of seventeen and a fourth young woman worked for Appellant as prostitutes. Appellant had sex with each of them on a regular basis and one of the underage girls became pregnant with Appellant's child. A grand jury indicted Appellant for sexual assault of a child younger than seventeen years of age. Appellant waived his right to a jury trial in writing. At the open guilty plea hearing, Appellant appeared with counsel who had represented

him for more than a year. The trial court advised Appellant of the charge against him and determined that Appellant understood the nature of the charge. The court also inquired whether Appellant and his attorney had been given sufficient time to discuss the case and the charge against him. Appellant stated that he had. He also told the trial court that he was satisfied with his attorney's representation of him in the case. The court informed Appellant that sexual assault of a child is a second-degree felony, and if found guilty, Appellant would be sentenced to imprisonment for two to twenty years and could be fined in an amount not to exceed $10,000. Appellant said that he understood the range of punishment. The court also admonished Appellant about the enhancement paragraph and told him that if proven true, the range of punishment would be increased to imprisonment from five years to ninety-nine years or life. Appellant understood that range of punishment. He then entered a plea of guilty to the indictment and a plea of true to the enhancement paragraph. Appellant told the trial court that he was pleading guilty because he was guilty of the charged offense and he was pleading true to the enhancement paragraph because it was true that he had the prior conviction. He denied that anyone had forced him to enter these pleas and he was not pleading guilty because he hoped to receive probation, pardon, or parole. The court also informed Appellant that he had an absolute right to a jury trial and Appellant stated he understood that right. Appellant told the court that he wanted to waive his right to a jury trial and he was making that decision freely and voluntarily. He also understood everything the court had explained to him. The court accepted the waiver of jury trial as well as the pleas of guilty and true. The punishment hearing began the following day.

At the punishment hearing, the State offered evidence related to the offense, the extraneous offenses, and the prior conviction. Defense counsel thoroughly cross-examined the

State's witnesses. The defense also presented punishment witnesses, but Appellant did not testify. At the conclusion of the punishment hearing, the trial court found Appellant guilty, found the enhancement paragraph true, and assessed his punishment at imprisonment for a term of thirty years.

## VOLUNTARINESS OF THE GUILTY PLEA

In his sole issue on appeal, Appellant argues that his guilty plea was involuntary because the trial court failed to expressly admonish him of his constitutional right of confrontation and to remain silent. Appellant does not assert that the trial court failed to admonish him as required by Article 26.13 of the Code of Criminal Procedure. *See* TEX.CODE CRIM.PROC.ANN. art. 26.13 (West Supp. 2013). He instead argues that the court failed to comply with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Whether a trial court has complied with Article 26.13 and whether it has complied with *Boykin* are two separate issues. *See Gardner v. State*, 164 S.W.3d 393, 398 (Tex.Crim.App. 2005).

*Boykin* held that when a defendant pleads guilty, the record must affirmatively disclose that the plea was voluntarily and understandingly entered. *Boykin*, 395 U.S. at 243-44, 89 S.Ct. at 1712-13. Courts may not presume a waiver of important constitutional rights from a silent record. *Id. Boykin* did not hold that due process requires the equivalent of the Article 26.13(a) admonishments and it did not specifically set out what must be "spread on the record" to comply with its mandate. *Davison v. State*, 405 S.W.3d 682, 687 (Tex.Crim.App. 2013). As long as the record otherwise affirmatively discloses that the defendant's guilty plea was adequately informed, due process is satisfied. *Id.*

A guilty plea waives the right to a jury trial, the right to confront one's accusers, and the right not to incriminate oneself. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex.Crim.App. 2006),

*citing Boykin*, 395 U.S. at 243, 89 S.Ct. at 1712. To be consistent with due process, a guilty plea must be entered knowingly, intelligently, and voluntarily. *Kniatt*, 206 S.W.3d at 664, *citing Boykin*, 395 U.S. at 242, 89 S.Ct. at 1712. For a plea to be "voluntary," it must be the expression of the defendant's own free will and must not be induced by threats, misrepresentations, or improper promises. *Kniatt*, 206 S.W.3d at 664, *citing Brady v. United States*, 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). A defendant who attests, when he enters his plea of guilty, that he understands the nature of his plea and that his plea is voluntary, has a heavy burden in a subsequent hearing to show that his plea was involuntary. *See Houston v. State*, 201 S.W.3d 212, 217 (Tex.App.--Houston [14th Dist.] 2006, no pet.); *Dusenberry v. State*, 915 S.W.2d 947, 949 (Tex.App.--Houston [1st Dist.] 1996, pet. ref'd); *see also Kniatt*, 206 S.W.3d at 664. We review the voluntariness of a plea in light of the totality of the circumstances. *See Griffin v. State*, 703 S.W.2d 193, 196 (Tex.Crim.App. 1986).

Appellant is correct that the trial court did not explicitly admonish him that a plea of guilty resulted in the waiver of the right to confront his accusers and the right to not incriminate himself. *Boykin* does not require that the court expressly admonish the defendant regarding these rights. The Court of Criminal Appeals has held that the failure to admonish the defendant regarding these rights does not invalidate a plea of guilty which is otherwise freely and voluntarily made. *Vasquez v. State*, 522 S.W.2d 910, 912 (Tex.Crim.App. 1975); *see Gardner*, 164 S.W.3d at 399 n.5 ("It is not necessary to decide this case on the basis that the 'constitution does not require the specific admonitions listed in *Boykin* as a condition precedent to the validity of a guilty plea.'"). The defendant's knowledge of his constitutional rights and the voluntariness of his plea may be inferred from the record, including statements made by counsel in the defendant's presence. *Gardner*, 164 S.W.3d at 399; *see Campbell v. State*, No. 2-08-232-CR,

2009 WL 1815775 at *2 (Tex.App.--Fort Worth 2009, no pet.).

The plea papers include a document which contains two sections, the first pertaining to the waiver of jury trial and the second section pertaining to an agreement to stipulate to evidence and testimony. The waiver of the right to jury trial is signed by Appellant and his attorney. Immediately below that waiver is the section related to waiver of the appearance, confrontation, and cross-examination of witnesses. A line is drawn across that entire section and it is not signed by Appellant or his attorney. Defense counsel thoroughly cross-examined the State's witnesses during the punishment hearing and Appellant did not testify. During closing arguments, defense counsel stated that Appellant had decided "to save the county and the State and the government and everybody a lot of time by pleading guilty to the offense of sexual assault of a child under the age of 17." It is reasonable to infer from the plea papers, the record of the guilty plea and punishment hearing, and counsel's statements that counsel explained to Appellant the right of confrontation and the right to remain silent and Appellant understood he waived those rights by pleading guilty. *See Gardner*, 164 S.W.3d at 399 (the court inferred that the defendant understood his rights to remain silent and to confront his accusers based on statements made by defense counsel during the guilty plea proceeding). Based on the totality of the circumstances, we conclude that Appellant's guilty plea was voluntary. We overrule Appellant's sole issue and affirm the judgment of the trial court.

December 19, 2013

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)