

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00432-CR

---

CRAIG REED, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 080013-E-CR, Honorable Douglas Woodburn, Presiding

---

September 26, 2024

## MEMORANDUM OPINION

### Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Is it a cookie sheet or a cooking sheet? It is fascinating how we can use something frequently without pausing to consider its proper name. This small confusion highlights how easily we take for granted the everyday "things" that play important roles in our lives. Plea paperwork and plea hearings are usually routine "things," but concern very important constitutional rights. What happens when the plea paperwork, which allegedly shows a defendant waived some of his constitutional rights, goes missing? This appeal asks, when taking a guilty plea, is a trial court's mere reference to documents waiving the defendant's

constitutional rights sufficient evidence of a valid waiver, when the actual documents are not part of the record? We find it is not. Following an open plea of guilty, Appellant, Craig Reed, was found guilty by the trial court for possession of less than one gram of a controlled substance.[1] By his four issues, he contends the trial court erred by: (1) violating his right against self-incrimination; (2) violating his right to confrontation and cross-examination; (3) violating his right to a jury to determine punishment; and (4) failing to inform him of his right to withdraw his plea. We reverse and remand.[2]

## BACKGROUND

Appellant was previously convicted of two felonies: burglary of a habitation in 2005 and forgery of a financial instrument in 2015. In 2020, while officers were attempting to stop him, he dropped a cigarette pack. The officers recovered the pack and discovered a crystal-like substance inside. They sent the substance to the crime lab for testing which confirmed it to be less than a gram of methamphetamine. Appellant was subsequently charged with possession of a controlled substance. At the same time, he was also charged separately with credit card/debit card abuse.[3]

After being indicted, Appellant reached a plea agreement with prosecutors and chose to plead guilty to both charges. His attorney also filed an election to have the trial

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(b).

[2] After oral argument, Appellant filed a motion for leave to file a post-submission memorandum. We grant the motion, and the post-submission memorandum and responses have been considered.

[3] This charge is under a separate cause number, albeit in the same trial court, and therefore not the subject of this appeal.

2

court determine his punishment. At the hearing to accept his guilty plea, the trial court admonished him as follows:

> If you appear here [for sentencing], then I will honor the plea agreement that you have agreed—you have entered into. If not, I will sentence you somewhere up to 20 years in the penitentiary.

Appellant was released on bail after the hearing, but bail was revoked the following week when he failed to appear at the sentencing hearing. A warrant was issued for his arrest.

Nine months later, Appellant was arrested and appeared at a subsequent sentencing hearing. He and his attorney stated the reason for his failure to appear was due to illness and because he did not have anyone else to look after his livestock. Appellant informed the trial court he had also suffered fourteen fractures to his face from an assault while in jail and asked the court for "leniency." This time the trial court admonished him: "Well, I told you what I was going to do if you didn't show and you didn't show," before sentencing him to twenty years imprisonment.

## APPLICABLE LAW

Waiver of a constitutional right requires an "intentional relinquishment or abandonment" of the right. *Rios v. State*, 665 S.W.3d 467, 479 (Tex. Crim. App. 2022) (citing *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). A waiver will not be inferred from a silent record. *Id.* "'[C]ourts indulge every reasonable presumption against waiver' of fundamental constitutional rights." *Id.* (quoting *Zerbst*, 304 U.S. at 464). "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Id.* (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). "The purpose of the 'knowing

3

and voluntary' inquiry . . . is to determine whether the defendant actually . . . understand[s] the significance and consequences of a particular decision." *Id*. (quoting *Godinez v. Moran*, 509 U.S. 389, 400–01 (1993)). For his guilty plea to be constitutionally valid, then, the defendant must have an actual awareness of the nature and gravity of the charges against him and of the constitutional rights and privileges that he necessarily relinquishes—in short, "a full understanding of what the plea connotes and of its consequence." *Davison v. State*, 405 S.W.3d 682, 686–87 (Tex. Crim. App. 2013) (quoting *Boykin v. Alabama*, 395 U.S. 238, 244 (1969)). The record must show, or there must be an allegation and evidence which show, that an accused intelligently and understandingly waived his constitutional rights; anything less is not waiver. *Boykin*, 395 U.S. at 242 (citing *Carnley v. Cochran*, 369 U.S. 506, 516 (1962)).

## ANALYSIS

### ISSUES ONE AND TWO—WAIVER OF CONSTITUTIONAL RIGHTS BY GUILTY PLEA

Appellant's first and second issues contend he did not waive his constitutional rights against self-incrimination and confrontation, respectively. He complains the record is silent as to whether he knowingly and intelligently waived his constitutional rights making his guilty plea invalid. Appellant argues the trial court erred in accepting his guilty plea without any evidence on the record indicating he understood his rights or the consequences of waiving them.

When a defendant enters a voluntary plea of guilty, he gives up several constitutional rights: (1) his Fifth Amendment right against self-incrimination; (2) his Sixth Amendment right to trial by jury; and (3) his Sixth Amendment right to confront his

4

accusers. *Boykin*, 395 U.S. at 243. Given the seriousness of the matter, the Constitution insists, among other things, that the defendant enter a guilty plea that is "voluntary" and that the defendant must make related waivers "knowingly, intelligently, [and] with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Ruiz*, 536 U.S. 622, 629 (2002) (quoting *Brady*, 397 U.S. at 748). Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts. *McCarthy v. United States*, 394 U.S. 459, 466 (1969). Therefore, before a trial court may accept a defendant's guilty plea, there must be an affirmative showing on the record it was made voluntarily and intelligently. *Boykin*, 395 U.S. at 242. It is the State's responsibility to "spread on the record the prerequisites of a valid waiver." *Id*.

The State contends the record affirmatively demonstrates Appellant did in fact knowingly and intelligently waive his rights. The State suggests the colloquy between the trial court and Appellant at the hearing on the plea is sufficient evidence of Appellant's knowingly and intelligently waiving his rights. The only portion of the conversation concerning his constitutional rights was the following:

\*\*\*

COURT: You have signed documents in each of these cases in which you give up all of your statutory and constitutional rights. Did you do that after [your attorney] explained those rights to you and you understood them?

APPELLANT: Yes, sir.

5

COURT:            And are you asking me to allow you to give those rights up this morning?

APPELLANT:        Yes, sir.

COURT:            All right. Then I will do so. . . .

*** 

The record is devoid of any other evidence of Appellant's understanding of the waiver of his constitutional rights. The trial court did not apprise him of the rights he was waiving at the time he entered his guilty plea. What explanation Appellant's counsel gave him of his rights is similarly not in the record. While the trial court referenced documents by which he agreed to waive his constitutional privileges, the trial court did not explore in any detail the contents of those documents. The documents were part of a plea agreement, but the plea papers do not appear in the record, and none have been located despite inquiry by Appellant's counsel. The question is then: does the trial court's bare reference to the document constitute evidence of a valid waiver of constitutional rights?

The State cites *Gardner v. State* for its proposition the reference by the trial court was sufficient. 164 S.W.3d 393 (Tex. Crim. App. 2005). In *Gardner*, the defendant changed his plea from not guilty to guilty after the prosecution read the indictment in front of the jury. The trial court accepted his plea after questioning him about whether he gave it freely and voluntarily, failing to admonish him of his constitutional rights whatsoever. *Id*. at 394–97. The Texas Court of Criminal Appeals affirmed the judgment of the trial court because the defendant's counsel made detailed comments about his waived constitutional rights during closing arguments, and these statements sufficiently demonstrated the defendant understood the nature of his rights and the consequences of the waiver of those rights. *Id*. at 398–99. Here, neither Appellant's attorney, the

6

prosecution, nor the trial court made any mention of his constitutional rights at any point during the proceeding. The State also argues the trial court's confirmation Appellant spoke to his attorney before signing the document is sufficient to demonstrate his understanding of his rights. However, the presumption being against the waiver of rights, without evidence of the contents of the explanation given by Appellant's counsel, we cannot presume the explanation and, consequently, his understanding were sufficient. *Supra*. Therefore, *Gardner* is inapposite.

Next, the State insists, regardless of the sufficiency of the evidence of Appellant's knowledge and understanding of his rights, *Vasquez v. State* is dispositive of this matter because the lack of any necessary admonishments does not make a guilty plea invalid. 522 S.W.2d 910, 912 (Tex. Crim. App. 1975). Decided six years after *Boykin*, the appellant in *Vasquez*, among several other issues, argued that when he gave his guilty plea, the trial court did not admonish him of his rights against self-incrimination and confrontation. *Id*. The Texas Court of Criminal Appeals affirmed the judgment, reasoning "[t]he failure to give such admonishment does not invalidate a plea of guilty otherwise freely and voluntarily made." *Id*.[4] The opinion does not address *Boykin* and contains no factual recitation concerning the circumstances of the guilty plea. We can only surmise the record *otherwise* contained sufficient evidence to indicate the defendant understood his rights and the consequences of pleading guilty. *See Davison*, 405 S.W.3d at 687 ("So long as the record otherwise affirmatively discloses that the defendant's guilty plea was

---

[4] We note "freely and voluntarily" is not the standard established by *Boykin*, which requires "voluntary and *intelligent*" waiver for valid guilty pleas. *Supra*.

7

adequately informed, due process is satisfied."). *Vasquez* is not instructive in this case either.

Finally, the State cites *Johnson v. State* for the proposition the recital of jury waiver in the judgment itself is evidence of Appellant's knowing and intelligent waiver and is "binding in the absence of direct proof of [its] falsity." 72 S.W.3d 346, 349 (Tex. Crim. App. 2002) (quoting *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984) (op. on reh'g)). *See State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013). The Texas Court of Criminal Appeals expressly disapproved of the application of the presumption to constitutional waivers in *Rios v. State* because "it does not inform the knowing and intelligent inquiry and because the burden is on the State on direct appeal to develop a record showing an express, knowing, and intelligent waiver of a defendant's [right.]" *Rios v. State*, 665 S.W.3d 467, 485 (Tex. Crim. App. 2022) (citing *Hobbs v. State*, 298 S.W.3d 193, 197 (Tex. Crim. App. 2009)). Therefore, we decline to apply the presumption, and the judgment is not evidence of Appellant's knowing and intelligent waiver of his rights.

*Rios* also reiterated, in the context of the Sixth Amendment right to trial by jury, a waiver of constitutional rights cannot be implied and must be made knowingly and intelligently. 665 S.W.3d at 479–82. The defendant in *Rios*, who primarily spoke Spanish and understood little English, told his attorney he wanted a jury trial. *Id*. at 470–72. Contrary to his client's insistence, the attorney elected to proceed with a bench trial. *Id*. At a subsequent evidentiary hearing on the record, the defendant's counsel testified he consulted with his client and his client agreed to waive his right to a jury, while the defendant insisted he never intended to waive his right. Despite his attorney's failure to file a statutory jury waiver form, the trial court's own failure to admonish him of his right to

8

a jury, and no discussion of the jury waiver in open court, the trial court nonetheless found the defendant affirmatively waived his constitutional right to trial by jury. *Id*. at 472–74.[5] The Texas Court of Criminal Appeals reversed, finding the record failed to demonstrate the defendant "expressly, intelligently, and knowingly waived [his] right to a jury." *Id*. at 485. The Court arrived at its conclusion by examining several factors, including the following:

- whether the defendant knew about his right and the nature of the right;
- whether the defendant executed a written waiver;
- whether the trial court admonished the defendant about his right;
- the defendant's education and background and legal sophistication;
- the level of the defendant's involvement in his defense;
- the defendant's ability to understand courtroom discussion regarding waiver of his right;
- the defendant's words and actions;
- the defendant's discussions with his trial counsel; and
- whether a docket entry indicated the defendant expressly waived his right on the record and that waiver was voluntary, knowing, and intelligent.

*Id*. at 479–82.[6]

Considering the above factors, the Court observed: "[a] defendant need not understand every nuance of the right to a jury before waiving that right[,] but a waiver

---

[5] The trial court made findings of fact and conclusions of law, including a fact finding the defendant executed a waiver, but it did not appear in the record.

[6] *See Zerbst*, 304 U.S. at 464 ("The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.").

cannot be knowing and intelligent unless the record shows that the defendant at least had sufficient awareness of the relevant circumstances and likely consequences of waiving his right to a jury." *Id*. at 482 (citations omitted).

In the present case, although the trial court confirmed with Appellant he executed a document waiving his rights after consultation with his attorney, the absence of the document prevents us from determining his understanding of what rights he purportedly waived or if the document accurately reflected and explained his rights. We also are not privy to Appellant's discussions with his counsel, and, unlike *Rios*, Appellant's counsel did not state anything in the record about his client's rights. *Supra*.[7] Although the trial court's docket sheet entry states "Defendant waived jury, confrontation of witnesses," there is nothing in the record to substantiate this entry. *Boykin* requires more than a perfunctory recitation by the trial court of a defendant's understanding of his rights:

> What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought, and forestalls the spin-off of collateral proceedings that seek to probe murky memories.

*Boykin*, 395 U.S. at 243–44 (citation omitted).

The trial court clearly relied upon the documents Appellant executed before the hearing and did not endeavor to further interrogate Appellant's understanding and knowledge of his rights. Combined with the State's inexplicable failure to file or produce

---

[7] *See Florida v. Nixon*, 543 U.S. 175, 187 (2004) (a defendant's counsel lacks authority to consent to a guilty plea on the client's behalf); *Grado v. State*, No. 07-11-00468-CR, 2013 Tex. App. LEXIS 7989, at *10 (Tex. App.—Amarillo June 28, 2013), *aff'd*, 445 S.W.3d 736 (Tex. Crim. App. 2014) (a defendant reasonably relies upon trained legal professionals, including his own counsel, the prosecutor, and the trial court to understand his rights, and their error does not waive his fundamental rights).

10

the documents, the guilty plea is unsupported by any evidence of Appellant's express, knowing, and intelligent waiver of his rights. Based on the superficial record before us, we cannot say what Appellant knew or understood at the time he offered his guilty plea to the trial court. We may not presume a waiver of constitutional rights from a "silent record" such as this. *Boykin*, 395 U.S. at 242; *Rios*, 665 S.W.3d at 479. Furthermore, it was the State's burden to put evidence in the record demonstrating the guilty plea was given voluntarily and intelligently, and its failure to do so renders the trial court's acceptance of the guilty plea a nullity. *Boykin*, 395 U.S. at 243–44; *Rios*, 665 S.W.3d at 485.

Because we find insufficient evidence of Appellant's knowing and intelligent waiver, we necessarily hold his constitutional rights to a jury and against self-incrimination were both violated. The Court of Criminal Appeals has determined a violation of the constitutional right to trial by jury is a "structural error" which is not subject to harm analysis. *Rios*, 665 S.W.3d at 486. *See Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997) (structural error is categorially immune to harmless error analysis). The error here therefore is *per se* harmful and demands reversal and remand for a new trial. *Rios*, 665 S.W.3d at 486.

We sustain Appellant's issues one and two. Accordingly, we reverse the judgment of the trial court and remand this matter for a new trial. *Id*. Because we conclude the trial court's judgment should be reversed, we do not reach Appellant's issues three and four. TEX. R. APP. P. 47.1.

11

**CONCLUSION**[8]

The judgment is reversed, and this matter is remanded for a new trial.


Alex Yarbrough
Justice


Do not publish.

---

[8] It is either a cookie sheet or a baking sheet; it is never a cooking sheet.