**Anthony Clifford HALL, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 04–95–00333–CR.**

Court of Appeals of Texas,
San Antonio.

Oct. 23, 1996.

George E. Ashford, III, Dallas, for Appellant.

Libra J. Lange, Assistant District Attorney, Dallas, for Appellee.

Before CHAPA, C.J., and STONE and GREEN, JJ.

## OPINION

STONE, Justice.

Appellant, Anthony Hall, appeals from his conviction of involuntary manslaughter[1]. Appellant pled guilty to the charged offense of involuntary manslaughter. The State submitted to the jury a special issue on the use or intended use of a deadly weapon during the commission of the offense and the jury returned an affirmative finding. *See* TEX.PENAL CODE ANN. § 1.07(a)(17)(B) (Vernon 1994). The jury sentenced appellant to five years in the Texas Department of Criminal Justice, Institutional Division. Appellant raises four points of error: (1) the evidence is insufficient to support the jury's finding of the use of a deadly weapon; (2) the trial court failed to properly admonish him pursuant to TEX.CODE CRIM.PROC.ANN. art. 26.13 (Vernon 1989) and the trial court did not comply with TEX.CODE CRIM.PROC.ANN. art. 26.14 (Vernon 1989); (3) appellant's confine-

---

1. Appellant was also charged with and convicted of aggravated assault. Appellant received ten years probation for that offense, but he does not challenge that conviction on appeal.

ment is illegal because he was convicted without having pled guilty; and (4) the trial court abused its discretion in allowing testimony regarding the proper punishment for appellant. We affirm the judgment of the trial court.

### Background Facts

On August 20, 1994, appellant, while admittedly driving his truck while intoxicated, struck a Blazer driven by Myra Fails, who was driving her son and two nephews. Kenny Books, one of Fails' nephews, died as a result of the collision.

At approximately 5:00 p.m. on the day in question, appellant consumed his first drink of the evening while at dinner with his mother. After dinner, appellant purchased a twelve-pack of beer, went to his mother's house, and consumed nine or ten beers within the next two hours. Appellant testified that he was intoxicated by this time, but decided to drive to his friend Michael's house, pick up Michael, and return home. At Michael's house, appellant drank another beer. Appellant then drove himself and Michael to purchase cigarettes at a convenience store. At the store, Michael telephoned two girls and made arrangements for he and appellant to meet them. The girls arrived at the store, appellant and Michael followed them to a house, and from there, appellant agreed to drive the girls to another house.

Admittedly still intoxicated, appellant sped south on Miller's Ferry Road travelling approximately 65–70 miles per hour in a 40 miles per hour speed zone. The collision occurred in the intersection of Miller's Ferry Road and Pleasant Run which is controlled by a four-way stop sign. Appellant, unaware of the stop sign, entered into the intersection, and applied his brakes only after one of his passengers told him he had a stop sign. Appellant then struck Fails' Blazer.

### The Deadly Weapon Finding

In his first point of error, appellant complains the evidence is insufficient to support the jury's finding of his use or intended use of a deadly weapon during the commission of the offense. See Tex.Penal Code Ann. § 1.07(a)(17)(B) (Vernon 1994). Appel-

lant relies chiefly upon Roberts v. State, 766 S.W.2d 578 (Tex.App.—Austin 1989, no pet.) in support of this contention. In Roberts, the appellant, while intoxicated and involved in a police chase, drove his truck into an intersection travelling 80–100 miles per hour. He collided with a stopped car and injured two passengers and killed a third passenger. Id. at 579. The appellant was found guilty of aggravated assault with a deadly weapon and appealed, contending there was no evidence that he intended to cause death or serious bodily injury or that he otherwise intended to employ his truck as a weapon. Id. The Roberts' court affirmed the jury finding, reasoning that a finding of reckless behavior is sufficient to sustain the finding that appellant used a deadly weapon in the commission of the offense. Id. at 580.

Appellant submits to this court that the "manner in which" appellant's truck in Roberts was used differs so significantly from the instant case as to preclude his actions from being brought within the meaning of section 1.07(a)(17)(B) of the Texas Penal Code. Appellant seems to interpret Roberts as standing for the proposition that if one is fleeing the police at high speed and injures or kills, then the vehicle used can be classified as a deadly weapon. We neither accept nor adopt appellant's suggested reading of Roberts. A less narrow read of Roberts suggests that the court affirmed the finding of the use of a deadly weapon because the defendant drove his truck while intoxicated at 80–100 miles per hour into an intersection.

In the instant case, appellant testified that he knowingly drove while intoxicated, that he knew "it was not a good idea to drive after drinking," that he was driving approximately 70 miles per hour in a 40 miles per hour speed zone, and that he ran the stop sign. Appellant suggests that his position is somehow improved by noting that he had never before driven on Miller's Ferry Road, and that he did not see any speed limit signs or the stop sign which he ran. These facts only strengthen the argument that appellant was acting in a reckless manner and that his truck, as used by him, became capable of causing death or serious bodily injury in the manner of its use. See Tex.Penal Code

ANN. § 1.07(a)(17)(B) (Vernon 1994). Point of error number one is overruled.

## The Admonishments

Appellant's second point of error alleges that his plea was not freely and voluntarily made because the trial court did not properly admonish him before accepting his plea of guilty. Specifically, appellant argues the trial court erred in failing to: (1) give him the admonition regarding immigration; (2) establish that he was mentally competent; and (3) inquire into the existence of a plea bargain. *See* TEX.CODE CRIM.PROC.ANN. art. 26.13. (Vernon 1989).

Appellant also complains the trial court did not comply with article 26.14 of the Texas Code of Criminal Procedure which provides that when a defendant enters a plea of guilty, a jury shall assess punishment. The record clearly reflects that a jury did assess appellant's punishment and this contention, therefore, is wholly without merit.

■ Article 26.13 of the Texas Code of Criminal Procedure lists the admonishments the court must give a defendant upon entry of a guilty plea. TEX.CODE CRIM.PROC.ANN. art 26.13 (Vernon 1989). Substantial compliance with the statute is sufficient unless the appellant can "affirmatively show that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." TEX.CODE CRIM.PROC. ANN. art 26.13(c) (Vernon 1989). Substantial compliance with article 26.13 may be found even when an admonishment required by the statute is entirely omitted, if the admonishment is immaterial. *Whitten v. State,* 587 S.W.2d 156, 158 (Tex.Crim.App.1979) (op. on reh'g). The admonishment on the range of punishment is material in every case. *See Weekley v. State,* 594 S.W.2d 96, 97 (Tex. Crim.App.1980) (holding that failure to admonish on range of punishment constitutes reversible error without consideration of harm). The remaining three admonishments required by article 26.13, however, are material in only some cases. *Smith v. State,* 857 S.W.2d 71, 74 (Tex.App.—Dallas 1993, pet. ref'd). A showing that the trial court gave an admonishment on the range of punishment establishes substantial compliance un-

less the appellant shows the materiality of one or more of the other admonishments. *Id.*

■ It is uncontested that the trial court failed to admonish appellant regarding the consequences of a guilty plea for non-citizens. In cases where the record indicates the defendant is a United States citizen, the presumption that the admonishment is material to the plea is rebutted and the trial court's failure to give such admonition is not automatically reversible error. *See Thomas v. State,* 932 S.W.2d 128, 131 (Tex.App.—San Antonio 1996, n.w.h.); *Armstrong v. State,* 911 S.W.2d 133, 135 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd); *Fregia v. State,* 903 S.W.2d 94, 98 (Tex.App.—Beaumont 1995, pet. filed); *Dixon v. State,* 891 S.W.2d 783, 784 (Tex.App.—Austin 1995, no pet.); *Dominguez v. State,* 889 S.W.2d 13, 15–16 (Tex. App.—El Paso 1994, no pet.) (op. on reh'g).

■ In the instant case, appellant's mother testified that appellant was born in Lancaster, Texas. Since the record reflects that appellant is an American citizen and, therefore not subject to deportation, we find the trial court's failure to give the immigration admonition constitutes harmless error. *See Thomas,* 932 S.W.2d at 131.

■ Appellant also complains that the trial court erred in failing to establish that he was mentally competent. TEX.CODE CRIM. PROC.ANN. art. 26.13(b) (Vernon 1989). We disagree. Unless an issue of an accused's mental competency is raised at the time of the plea, the trial court need not inquire into the accused's mental competency, and it is not error for the trial court to accept the plea. *Kuyava v. State,* 538 S.W.2d 627, 628 (Tex.Crim.App.1976); *Sims v. State,* 783 S.W.2d 786, 788 (Tex.App.—Houston [1st Dist.] 1990, no pet.). The trial court had the opportunity to observe and to converse with appellant and the punishment charge as well as the judgment state that appellant appeared mentally competent. Appellant did not object to the court's finding or otherwise raise the issue of incompetency; thus, we

find the trial court complied with article 26.13(b) of the Texas Code of Criminal Procedure. *See Sims,* 783 S.W.2d at 788.

■ Appellant's third and final complaint regarding admonishments is that the trial court erred in failing to inquire into the existence of a plea bargain. *See* TEX.CODE CRIM.PROC.ANN. art. 26.13(a)(2) (Vernon 1989). The trial court's failure to inquire into the existence of a plea bargain was error. However, since appellant's plea was not the result of a plea bargain, we find that he was not harmed by the court's failure to inquire into its nonexistence. *See Stubblefield v. State,* 659 S.W.2d 496, 499 (Tex. App.—Fort Worth 1983, no pet.) (holding that failure of trial court to inquire into existence of plea bargain was harmless since punishment assessed by trial court was identical to plea bargain agreement).

■ While the trial court failed to give the immigration admonishment and did not inquire into the existence of a plea bargain, we nevertheless find substantial compliance with article 26.13 since the omitted admonitions were immaterial to appellant's plea. *See Whitten,* 587 S.W.2d at 158. When the trial court substantially complies with article 26.13, appellant must show that he entered his plea without understanding the consequences of such action and that he suffered harm. *Ex Parte Gibauitch,* 688 S.W.2d 868, 871 (Tex.Crim.App.1985). The mere assertion that one was misled does not show harm under article 26.13. *Smith,* 857 S.W.2d at 74. To satisfy this burden, the appellant must show that he would not have pled guilty if he had been properly admonished. *Id.* In the instant case, appellant's brief offers no more than allegations of harm. As appellant fails to meet his burden of showing harm, point of error number two is overruled.

### The Guilty Plea

■ Appellant's third point of error asserts it was improper that his attorney pled guilty for him to the jury. "A plea of 'guilty' or a plea of 'nolo contendere' in a felony case must be made in open court by the defendant in person." TEX.CODE CRIM.PROC.ANN. art. 27.13 (Vernon 1989). Appellant argues that he had "indicated his intent to plead guilty,"

but since he did not personally state his plea of guilty to the jury, his incarceration is illegal. *See Adkison v. State,* 762 S.W.2d 255, 259 (Tex.App.—Beaumont 1988, pet. ref'd). Article. 27.13 of the Texas Code of Criminal Procedure requires that a defendant's plea of guilty be made in open court. Appellant's plea was made in open court to the court. The statute does not require, however, that the plea be reurged to the jury once the guilty plea has been accepted by the trial court. *Tutor v. State,* 599 S.W.2d 818, 820 (Tex.Crim.App.1980). Thus, appellant's entry of his guilty plea to the court satisfies the statutory requirements of article 27.13 of the Texas Code of Criminal Procedure. Point of error number three is overruled.

### Opinion Testimony

■ In his final point of error, appellant contends that the trial court erred in allowing the victim's aunt, Myra Fails, to testify that appellant "should have ten years in the penitentiary." At trial, appellant objected that the testimony invaded the province of the jury. Appellant urges the same objection on appeal and cites *Grunsfeld v. State,* 813 S.W.2d 158, 170 (Tex.App.—Dallas 1991), *aff'd,* 843 S.W.2d 521 (Tex.Crim.App.1992), for the proposition that Fails' testimony was not factbound and, thus its admission was error.

The State argues that appellant's trial objection has been held to be an invalid objection. *Ortiz v. State,* 834 S.W.2d 343, 348 (Tex.Crim.App.1992) (stating that objection of testimony "[i]vad[ing] the province of the jury" is no longer a valid objection to opinion testimony in light of Rule 704 in Texas Rules of Criminal Evidence). Rule 704 provides that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." TEX.R.CRIM.EVID. 704. The State contends that in light of Rule 704, the trial court did not abuse its discretion in allowing the testimony. We agree.

■ Even if the trial court erred in admitting Fails' testimony, we find the error was harmless. The testimony was not em-

phasized by the State, appellant's counsel described the testimony as a typical response of a mother, and the jury assessed a more lenient sentence than Fails' thought was appropriate. Under these circumstances the error, if any, was harmless. *See* Tex.R.App.P. 81(b)(2). Point of error number four is overruled.

The judgment of the trial court is affirmed.