Charley T. Ray Neal v. The State of Texas
















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-328-CR

     CHARLEY T. RAY NEAL,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 26,343
                                                                                                                

O P I N I O N
                                                                                                                

      The appellant, Charley T. Ray Neal, pled guilty to the felonious offense of aggravated
robbery. See Tex. Pen. Code Ann. § 29.03 (Vernon 1994). A jury assessed his punishment at
20 years’ incarceration in the Institutional Division of the Texas Department of Criminal Justice. 
See id. §§ 12.32, 29.03(b) (Vernon 1994). Neal appeals his 20-year sentence, contending: (1) the
trial court erred in allowing the victim to state her opinion as to whether probation was an
appropriate sentence for Neal, and (2) the trial court erred by not instructing the jury on the law
of parole and good time conduct. We affirm.
      Neal contends the trial court erred in allowing the robbery victim, Sue Ann Waller, to state
her opinion as to whether probation was an appropriate sentence for Neal. Neal argues that
Waller’s testimony was improper because (1) she was not a qualified expert and therefore could
not give opinion testimony, and (2) the determination of punishment is within the exclusive
province of the factfinder.
      During the punishment hearing, the following colloquy took place:
[STATE:]Let me ask you this question. The Defendant in this case has filed
a motion for probation, do you feel, knowing what you went
through and watching that tape and reliving it again, that in a
crime of violence such as this that probation--
 
[DEFENSE:]Objection, your Honor. I think that that question is improper. 
It invades the province of the jury with respect to what the
proper punishment determination is.

      First, we conclude Neal's argument that Waller was not a qualified expert has been waived. 
To preserve a complaint for appellate review, the complaining party must have raised his
complaint in the form of an objection, request, or motion in the trial court and obtained a ruling. 
Tex. R. App. P. 33.1; Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). 
Additionally, the complaint on appeal must correspond to the objection made at trial. See Turner
v. State, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991). In other words, an objection which states
one legal theory cannot be used to support a different legal theory on appeal. Broxton, 909
S.W.2d at 918. Despite his complaint on appeal, Neal did not raise the issue that Waller was not
an expert witness qualified to give opinion testimony at the trial court level. Consequently, we
hold that Neal’s complaint on appeal does not comport with the objection he made at trial;
therefore, Neal failed to properly preserve his complaint. See id.; see also Webb v. State, 899
S.W.2d 814, 819 (Tex. App.—Waco 1995, pet. ref'd).
      As to Neal’s second contention that the trial court erred in allowing Waller to testify regarding
appropriate punishment because such testimony invaded the exclusive province of the jury, we
conclude that, in light of Texas Rule of Evidence 704, such objection is no longer valid. Hall v.
State, 935 S.W.2d 852, 856 (Tex. App.—San Antonio 1996, no pet.); see Ortiz v. State, 834
S.W.2d 343, 348 (Tex. Crim. App. 1992). Rule 704 provides:
Testimony in the form of an opinion or inference otherwise admissible is not
objectionable because it embraces an ultimate issue to be decided by the trier of fact.

Tex. R. Evid. 704. Furthermore, the San Antonio Court, in Hall v. State, held that testimony
from a witness as to how long the defendant should be incarcerated for the offense was otherwise
admissible evidence and that Rule 704 was applicable. Hall, 935 S.W.2d at 856. We agree with
Hall, that in this situation, the trial court did not abuse its discretion in allowing a witness to
testify about the proper punishment for the defendant when the only objection before the court is
that such testimony invades the sole province of the jury. Concluding the trial court did not err
in allowing Waller to testify regarding whether probation was an appropriate sentence, Neal’s first
contention is overruled.
      Neal next contends the trial court fundamentally erred by failing to include the statutory
instruction on the law of good time and parole in the punishment charge. See Tex. Code Crim.
Proc. Ann. art. 37.07, § 4 (Vernon Supp. 1998). Such instruction was mandatory in the present
case. See Ramos v. State, 831 S.W.2d 10, 17 (Tex. App.—El Paso 1992, pet. ref’d). Ordinarily,
unobjected to charge-error is subject to the fundamental harm analysis as set forth in Almanza v.
State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (on rehearing). Under an Almanza analysis,
to be entitled to a reversal on appeal, the appellant must demonstrate that the charge error resulted
in egregious harm. Id. at 171. However, we do not believe than an Almanza harm analysis
applies in this case. 
      We agree with Houston’s First Court of Appeals that there is a significant difference between
those situations in which the appellant did not request an instruction be included in the charge or
did not object to the omission of an instruction in the charge and situations where the appellant
affirmatively approved the charge as written. Reyes v. State, 934 S.W.2d 819, 820 (Tex.
App.—Houston [1st Dist.] 1996, pet. ref’d); see also Ly v. State, 943 S.W.2d 218, 220 (Tex.
App.—Houston [1st Dist.] 1997, pet. ref’d); McCray v. State, 861 S.W.2d 405, 409 (Tex.
App.—Dallas 1993, no pet.).
      At Neal’s punishment hearing, prior to reading the charge to the jury, the trial court inquired
of both the State and Neal as to whether either had any objections or desired to request any special
instructions. Defense counsel replied, “Defense has no objections, your Honor.” 
      We cannot sanction an appellant’s affirmative approval of the charge only to have him attack
that same charge on appeal as a fundamental error. See Ly, 943 S.W.2d at 220; Reyes, 934
S.W.2d at 820. Consequently, by affirmatively endorsing the charge, Neal has relinquished his
right to complain about any charge error on appeal.



      The judgment is affirmed.


                                                                   BOBBY L. CUMMINGS
                                                                   Justice

Before Chief Justice Davis,
            Justice Cummings, and
            Justice Vance
Affirmed
Opinion delivered and filed November 12, 1998
Do not publish