TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00589-CR







Sean David Carpenter, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 46,430, HONORABLE JOE CARROLL, JUDGE PRESIDING







In 1996, a jury found appellant Sean David Carpenter guilty of aggravated assault,
assessed punishment at imprisonment for ten years, and recommended that he be placed on
probation. The conviction was affirmed by this Court. See Carpenter v. State, No. 3-96-657-CR
(Tex. App.--Austin May 1, 1997, no pet.) (not designated for publication). Appellant now appeals
from an order of the district court revoking his community supervision and imposing sentence. 
We will affirm.

Citing article 26.13(b), appellant contends the district court erred in accepting his
"guilty plea" without inquiring into his competency. See Tex. Code Crim. Proc. Ann. art.
26.13(b) (West 1989). We first note that this is not an appeal from a conviction following a guilty
plea, but an appeal from an order revoking probation following a plea of true to the allegations
in the State's motion to revoke. Article 26.13 does not apply to probation revocation proceedings. 
See Harris v. State, 505 S.W.2d 576, 578 (Tex. Crim. App. 1974); Lindsey v. State, 902 S.W.2d
9, 12 (Tex. App.--Corpus Christi 1995, no pet.). Even if the statute applied, a trial court need not
inquire into the competence of the defendant unless the issue is raised at the time of the plea. See
Kuyava v. State, 538 S.W.2d 627, 628 (Tex. Crim. App. 1976); Hall v. State, 935 S.W.2d 852,
855 (Tex. App.--San Antonio 1996, no pet.). As we will discuss below, no issue as to appellant's
competence was raised at the probation revocation hearing. Point of error two is overruled.

Appellant's other point of error is that his attorney rendered ineffective assistance
at the revocation hearing because he "failed to protect [appellant's] right to be competent before
he stood trial." Defense counsel was asked by the court at the hearing if he "believe[d] [appellant
is] competent and sane and can assist you in the handling of this case." Counsel replied, "Your
Honor, he is, I guess, psychologically challenged, but I believe him to be competent and sane." 
Citing this statement, and previous psychological assessments of appellant that appear in the
record, appellant argues that his attorney should have requested a new psychological evaluation.

The previous psychological reports to which appellant refers indicate that appellant
experiences mood swings as a result of "borderline personality traits" and chronic drug abuse. 
In a letter to the court dated June 1996, however, one of the examining psychologists stated that
appellant "has sufficient present ability to consult with his lawyer with a reasonable degree of
rational understanding and he has a rational as well as factual understanding of the proceedings
against him." See Tex. Code Crim. Proc. Ann. art. 46.02, § 1A(a) (West Supp. 2000). 
Appellant was questioned by the court at the revocation hearing, and subsequently testified. He
answered all questions addressed to him clearly and appropriately, and demonstrated an
understanding of the charges against him. We find nothing in the record to suggest that appellant
was incompetent at the time of the revocation hearing. 

To prevail on a claim of ineffective assistance of counsel, an appellant must show
that counsel made such serious errors that he was not functioning effectively as counsel and that
these errors prejudiced the appellant's defense to such a degree that he was deprived of a fair trial. 
Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); and
see Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985); O'Hara v. State, 837 S.W.2d
139, 143 (Tex. App.--Austin 1992, pet. ref'd). In reviewing a claim of ineffective assistance, we
must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable
professional assistance. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

Assuming that counsel did not request or receive an updated psychological
assessment of appellant's competence prior to the revocation hearing, a fact not established by the
record, appellant has not demonstrated that counsel's representation was ineffective in that regard. 
In the absence of any indication that counsel had a reason to suspect that appellant might be
incompetent, we cannot conclude that counsel was ineffective by failing to raise the issue. Point
of error one is overruled.

 The order revoking community supervision is affirmed.



 


 Jan P. Patterson, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: April 13, 2000

Do Not Publish


See Tex. Code Crim. Proc. Ann. art.
26.13(b) (West 1989). We first note that this is not an appeal from a conviction following a guilty
plea, but an appeal from an order revoking probation following a plea of true to the allegations
in the State's motion to revoke. Article 26.13 does not apply to probation revocation proceedings. 
See Harris v. State, 505 S.W.2d 576, 578 (Tex. Crim. App. 1974); Lindsey v. State, 902 S.W.2d
9, 12 (Tex. App.--Corpus Christi 1995, no pet.). Even if the statute applied, a trial court need not
inquire into the competence of the defendant unless the issue is raised at the time of the plea. See
Kuyava v. State, 538 S.W.2d 627, 628 (Tex. Crim. App. 1976); Hall v. State, 935 S.W.2d 852,
855 (Tex. App.--San Antonio 1996, no pet.). As we will discuss below, no issue as to appellant's
competence was raised at the probation revocation hearing. Point of error two is overruled.

Appellant's other point of error is that his attorney rendered ineffective assistance
at the revocation hearing because he "failed to protect [appellant's] right to be competent before
he stood trial." Defense counsel was asked by the court at the hearing if he "believe[d] [appellant
is] competent and sane and can assist you in the handling of this case." Counsel replied, "Your
Honor, he is, I guess, psychologically challenged, but I believe him to be competent and sane." 
Citing this statement, and previous psychological assessments of appellant that appear in the
record, appellant argues that his attorney should have requested a new psychological evaluation.

The previous psychological reports to which appellant refers indicate that appellant
experiences mood swings as a result of "borderline personality traits" and chronic drug abuse. 
In a letter to the court dated June 1996, however, one of the examining psychologists stated that
appellant "has sufficient present ability to consult with his lawyer with a reasonable degree of
rational understanding and he has a rational as well as factual understanding of the proceedings
against him." See Tex. Code Crim. Proc. Ann. art. 46.02, § 1A(a) (West Supp. 2000). 
Appellant was questioned by the court at the revocation hearing, and subsequently testified. He
answered all questions addressed to him clearly and appropriately, and demonstrated an
understanding of the charges against him. We find nothing in the record to suggest that appellant
was incompetent at the time of the revocation hearing. 

To prevail on a claim of ineffective assistance of counsel, an appellant must show
that counsel made such serious errors that he was not functioning effectively as counsel and that
these errors prejudiced the appellant's defense to such a degree that he was deprived of a fair trial. 
Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 988 S.W.2d 770, 771-72