COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-279-CR

 

 

RENARD VANCE BURTON                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Renard Vance Burton
appeals his conviction for murder.  In
five points, appellant complains that the trial court failed to properly
admonish him before accepting his guilty plea. 
We affirm.








On May 10, 2005, appellant
stabbed and killed Serena Martinez after an argument.[2]  Appellant did not dispute that he killed the
victim; rather, the issue at trial was whether or not he acted as a result of
sudden passion.  Appellant pleaded guilty
to murder, and, after hearing evidence and argument as to sudden passion and
punishment, a jury found appellant guilty, rejected his special issue on sudden
passion, and sentenced him to eighty years in prison and a ten thousand dollar
fine.  

Since all of appellant=s points focus on the propriety of the trial court=s admonishments to appellant before accepting his guilty plea, we
begin by setting out the admonishments at length.  The following exchange occurred outside the
presence of the jury, immediately prior to voir dire:

THE COURT:               To [the murder indictment], sir,
how do you plead, guilty or not guilty?

 

THE
DEFENDANT:        Guilty, Your Honor.

 

THE COURT:               Okay.  You understand you don=t
have to enter a plea of guilty.  I know
you and your attorney have been over this a great deal; is that correct?

 

THE
DEFENDANT:        Yes, Your Honor.

 








THE COURT:               But that is what you want to do
here today?  We=ll
have a jury here in a little bit and we=ll be willing to go forward
with this trial.  Do you have any
question of me or do you have anyCor you would say this is a
free and voluntarily plea; is that correct?

 

THE
DEFENDANT:        Yes, Your Honor.

 

THE
COURT:               And this is what you
want to do?

 

THE
DEFENDANT:        Yes, sir.

 

THE
COURT:               Okay.  I=ll accept the plea. 

 

                                                 .
. . .

 

THE COURT:               Mr. Burton, I wanted to ask you a
few more questions to make sure you understood this.  I know your lawyers have been over it, but
you understand the range of punishment in this case is five to ninety-nine
years or life; is that right?

 

THE
DEFENDANT:        Yes, Your Honor.

 

THE COURT:               And you are still wanting to
enter your plea; is that correct?

 

THE
DEFENDANT:        Yes, sir.

 

THE COURT:               And you still have no questions
of myself and no questions of your attorney?

 

THE
DEFENDANT:        No, sir.

 








THE COURT:               And you=reCyou
have some very valuable constitutional rights. 
You know you have a right to enter a plea of not guilty and make them
prove each and every element of this offense; is that correct?

 

THE
DEFENDANT:        Yes, Your Honor.

 

THE
COURT:               But
that=s
what you=re
insisting on doing?

 

THE
DEFENDANT:        Yes, sir.

 

THE COURT:               All right.  Thank you. 

In his first, third, fourth,
and fifth points, appellant argues that the trial court failed to adequately
admonish him of the legal consequences of his guilty plea as required by Texas
Code of Criminal Procedure Article 26.13(a) by failing to admonish him that his
guilty plea admitted as true each element of the allegations in the indictment,
including his culpable mental state; by failing to admonish him of the full
range of punishment; and by failing to admonish him that a conviction for
murder could result in his deportation.  









Article 26.13(a) requires
that, before accepting a guilty plea, the trial court must admonish a defendant
of (1) the range of punishment, (2) the fact that the State=s punishment recommendation is not binding on the trial court, (3) the
limited right to appeal, (4) the possibility of deportation if the defendant is
not a United States citizen, and, if applicable, (5) the fact that the
defendant may be required to comply with sex offender registration
requirements.[3]  In admonishing the defendant, substantial
compliance with article 26.13(a) is sufficient unless the defendant
affirmatively shows that he was not aware of the consequences of his plea and
that he was misled or harmed by the admonishment of the court.[4]  If a trial court=s admonishment substantially 
complies with article 26.13(a) and the appellant does not meet his
burden of showing that he was unaware of the consequences and misled or harmed
by the admonishment, we need not address harm.[5]








The trial court=s admonishments regarding appellant=s guilty plea and range of punishment were in substantial compliance
with article 26.13(a).  First, the trial
court informed appellant that a plea of not guilty would require the State to
prove each and every element of the offense. 
The trial court was not required to further inform appellant that his
guilty plea is an admission that each element of the offense he is charged with
is true.[6]  Second, with respect to punishment, the trial
court properly advised appellant of the appropriate range of incarceration for
first degree murder.[7]  Although the trial court did not inform
appellant of the possibility of a fine, this was mentioned during voir dire,
where appellant was present, and both the court=s charge and the verdict form contained the correct range.  Appellant did not object to the charge, and
both the charge and verdict form were read in open court, while appellant was
present.[8]  Because appellant has not affirmatively shown
that he was unaware of the consequences of his plea or was misled or harmed by
the trial court=s incomplete
admonishment regarding the fine, the trial court=s admonishment on punishment range was sufficient.[9]  








The trial court, however,
altogether failed to admonish appellant of the deportation consequences of his
plea as required by article 26.13(a)(4).  This is a
statutory error; therefore, we analyze harm under rule 44.2(b), disregarding
the error unless it affected appellant=s substantial rights.[10]  The failure to admonish a defendant of
possible deportation consequences of his guilty plea is harmless when the
defendant is a United States citizen because the threat of deportation could
not have influenced his decision to plead guilty.[11]  While we may not merely assume appellant is
or is not a citizen, we are authorized to make reasonable inferences from facts
in the record.[12]

Here, the evidence shows as
follows:

$      
Appellant spoke fluent English without a foreign
accent. 

 

$      
Appellant=s mother Shirley Schoolfield,
younger brother Kirk Burton, and older sister Bridgette Burton all spoke fluent
English. 

 

$      
Appellant=s young children also spoke
fluent English (appropriate to their ages) and did not speak with a foreign
accent.[13]


 








$      
Appellant=s children, his mother, his
maternal grandparents, all of his siblings, and at least several nieces or
nephews live in Fort Worth, Texas.[14]


 

$      
Appellant was raised by his mother and lived in
her house. 

 

$      
Appellant has several prior convictions in
Tarrant County: one in 1986 (at age 18), one in 1990 (age 21), and one in 2001
(age 32).  Therefore, he has been present
in Tarrant County for at least the past twenty-one years.[15]  There is no evidence that appellant was
deported after any of these convictions.[16]


 








Based on the
evidence, we conclude that it is reasonable to infer that appellant is a
citizen of the United States.[17]  Therefore, the trial court=s failure to admonish him on the deportation consequences of his
guilty plea could not have influenced his decision to plead guilty and is
harmless.[18]  Appellant=s first, third, fourth, and fifth points are overruled.

In his
second point, appellant contends that the trial court improperly failed to
determine his mental competency to knowingly and voluntarily enter a guilty
plea as required by article 26.13(b).  

Article
26.13(b) provides that the trial court shall not accept a plea of guilty unless
it appears that the defendant is mentally competent and the plea is free and
voluntary.[19]  The trial court need not, however, inquire
into the defendant=s mental
competency unless the issue of mental competency is raised at the time the plea
is made.[20]  If the issue of mental competency is not
raised, the trial court does not err by accepting a guilty plea.[21]









Here, the
trial court did not affirmatively inquire into appellant=s mental competency before accepting his guilty plea.  No issue, however, as to mental competency
had been raised.  Therefore, the trial
court did not err in accepting the plea. 
Accordingly, we overrule appellant=s second point. 

Having
overruled all of appellant=s points, we affirm the trial court=s judgment. 

PER CURIAM

PANEL F:  CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DO NOT PUBLISH        

Tex.
R. App. P. 47.2(b)

DELIVERED:   October 18, 2007                           











[1]See Tex. R. App. P. 47.4.





[2]There
was conflicting evidence as to whether the victim was appellant=s
girlfriend or wife.  It was undisputed,
however, that she and appellant had been in a relationship for approximately
nine years and had two children.  





[3]Tex. Code Crim. Proc. Ann. art.
26.13(a) (Vernon 1989 & Supp. 2006).





[4]Id. art.
26.13(c).





[5]See, e.g.,
Lemmons v. State, 133 S.W.3d 751, 757, 759 (Tex. App.CFort Worth
2004, pet. ref=d)
(noting that upon a showing of substantial compliance, the burden shifts to
appellant to show that he entered the plea without understanding the
consequences and he suffered harm); Singleton v. State, 986 S.W.2d 645,
651 (Tex. App.CEl
Paso 1998, pet. ref=d). 





[6]See Tex. Code Crim. Proc. Ann. art.
26.13(a). 





[7]See Tex. Penal Code Ann. ''
12.32, 19.02(c) (Vernon 2003) (providing together that the punishment for
murder is five to ninety-nine years= imprisonment or life and a
fine up to ten thousand dollars).





[8]See
Aguirre-Mata v. State, 125 S.W.3d 473, 476B77
(Tex. Crim. App. 2003); Burnett v. State, 88 S.W.3d 633, 639B41
(Tex. Crim. App. 2002); Ramos v. State, 45 S.W.3d 305, 309 (Tex. App.CFort
Worth 2001, pet. ref=d).





[9]See Tex. Code Crim. Proc. Ann. art.
26.13(c); Singleton, 986 S.W.2d at 651 (holding admonishment warning
defendant of prison range but not of possible fine to be in substantial compliance
with article 26.13(a)).





[10]Tex. R. App. P. 44.2(b); Fakeye v. State,
227 S.W.3d 714, 716 (Tex. Crim. App. 2007); Burnett, 88 S.W.3d at 637.






[11]VanNortrick
v. State, 227 S.W.3d 706, 709, 713 (Tex. Crim. App.
2007).





[12]Fakeye, 227
S.W.3d at 716B17; VanNortrick,
227 S.W.3d at 710B11.





[13]We
base these conclusions on the testimony of appellant, Schoolfield, Kirk, and
Bridgette; Kirk=s
written statement; and audio and videotaped interviews of appellant and both
children. 





[14]Appellant=s
father is deceased, and there is no evidence of the citizenship status of
appellant=s
father or father=s
relatives. 





[15]See
Fakeye, 227 S.W.3d at 717 & n.3 (considering appellant=s
previous residence in Nigeria as evidence of noncitizenship).





[16]Although
evidence of a single prior conviction without deportation does not alone
establish that appellant is a citizen because there is no guarantee of
deportation, see VanNortrick, 227 S.W.3d at 711, we believe that
appellant=s
numerous convictions without evidence of deportation are some evidence of his
citizenship when considered in conjunction with the other evidence listed
above.





[17]See
Gamble v. State, No. 10-05-00044-CR, 2007 WL 2127337, at *1
(Tex. App.CWaco
July 25, 2007, pet. filed) (mem. op., not designated for publication)
(considering testimony of appellant=s mother that she had lived
in Mexia Aa
long time@ and
appellant=s
testimony that he lives in Mexia and completed tenth grade to be probative of
citizenship). 





[18]See
VanNortrick, 227 S.W.3d at 709, 713.





[19]Tex. Code Crim. Proc. Ann. art.
26.13(b).





[20]Kuyava
v. State, 538 S.W.2d 627, 628 (Tex. Crim. App. 1976);
Denton v. State, Nos. 02-02-00467-CR, 02-02-00468-CR, 2004 WL 362265, at *2
(Tex. App.CFort
Worth Feb. 26, 2004, pet. ref=d) (mem. op., not designated
for publication); Hall v. State, 935 S.W.2d 852, 855B56
(Tex. App.CSan
Antonio 1996, no pet.).





[21]Denton,
2004 WL 362265, at *2; Hall, 935 S.W.2d at 855B56.