COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-06-422-CR 

                                                2-06-423-CR

FURMON DAVIS, IV APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Appellant Furmon Davis, IV appeals from his convictions for possession of a controlled substance between one to four grams, and between four and two hundred grams. 
 Appellant raises two issues: (1) that his guilty pleas were involuntary; and (2) that the trial court erred in failing to admonish him regarding the consequences of his guilty pleas.  We affirm.

II. Factual and Procedural Background

A. Factual Background

On December 4, 2005, Officer Brian Burns stopped a car that he believed was stolen.  Appellant was a passenger in the car.  Officer Burns testified that Appellant was not wearing a seatbelt and so he issued Appellant a ticket.  When Appellant was unable to provide positive identification Officer Burns arrested Appellant pursuant to department policy.  While searching Appellant pursuant to arrest, Officer Burns discovered a substance in Appellant’s coat pocket that he believed to be crack cocaine.  The substance was later determined to be approximately eleven grams of crack cocaine. 

B.  Procedural History
 

On October 31, 2006, the State brought two indictments against Appellant, charging him with possession of a controlled substance between one to four grams, and between four and two hundred grams.  Appellant agreed to have both charges tried in one proceeding.  Appellant pleaded guilty to both charges and pleaded “true” to two enhancement notices also alleged in the  indictments. 

Before voir dire, the trial court informed Appellant of the charges against him and of the repeat offender allegations.  Appellant confirmed to the trial court that he had had an opportunity to discuss the charges and enhancement notices with his attorney.  The trial court then informed Appellant of the range of punishment applicable to each charge, and informed him that if he pleaded guilty he had a right to a jury trial to determine punishment.  The trial court also confirmed that Appellant was voluntarily pleading guilty for no other reason except that he was guilty, that no one had promised him any benefit to induce his plea, and that he had not been threatened into entering a guilty plea.  

On October 31 and November 1, 2006, the trial court held a jury trial on punishment.  The jury found Appellant guilty on both charges in accordance with the trial court’s instruction, and the jury found the repeat offender enhancements to be “true.”  The jury assessed twenty years’ confinement for the first offense, and ten years’ confinement for the second offense.  The trial court sentenced Appellant accordingly, setting the terms to run consecutively. 

III. Voluntariness of Pleas

In Appellant’s first issue he argues that his guilty pleas were involuntary and therefore violated the due process clause.  Appellant also contends that the trial court failed to ascertain whether Appellant was aware he was waiving his rights to confront his accusers and be free from self-incrimination.  

A. Validity of a Guilty Plea 
 

In order for a guilty plea to be valid under the due process clause of the United States Constitution, the trial court must determine that a plea of guilty is entered “knowingly, intelligently, voluntarily, and willingly.”  
Tex. Code Crim. Proc. Ann.
 art. 26.13(b) (Vernon Supp. 2007); 
see Richards v. State
, 562 S.W.2d 456, 457 (Tex. Crim. App. 1977)
.  A defendant’s due process rights are violated if a trial court accepts a defendant’s guilty plea without a showing “spread on the record” that the guilty plea was entered intelligently and voluntarily.  
Boykin v. Alabama
, 395 U.S. 238, 242, 89 S. Ct. 1709, 1712 (1969).  
Boykin 
did not specifically set out what due process requires to be “spread on the record” except to say generally that state courts should make sure that a guilty-pleading defendant “has a full understanding of what the plea connotes and of its consequence.”  
Aguirre-Mata v. State,
 125 S.W.3d 473, 475 (Tex. Crim. App. 2003).  

In order to find that the plea was entered intelligently or voluntarily, the court must canvass the matter with the defendant to make sure he has a full understanding of what the plea connotes and of its consequences.  
See Gardner v. State,
 164 S.W.3d 393, 397 (Tex. Crim. App. 2005).  A defendant must receive real notice of the true nature of the charge against him in order for a plea to qualify as intelligent. 
 See Bousley v. United States
, 523 U.S. 614, 618, 118 S. Ct. 1604, 1609 (1998). 

In the case before us, we have determined that the record affirmatively demonstrates that Appellant entered his guilty pleas intelligently and voluntarily.  Contrary to Appellant’s contention that the record contains no evidence that the trial court admonished him, our review of the record shows that the trial court explained the implications of pleading guilty to Appellant several different times. The trial court first sought to ascertain whether Appellant understood what pleading guilty entailed during the arraignment proceeding.  There, the trial court asked him whether he understood the charges he faced, the repeat offender notices, and the range of punishment that could be assessed.  To each of these questions Appellant answered affirmatively that he understood.
(footnote: 2)  Appellant also affirmed that he was entering his guilty plea and pleading “true” to the enhancement notices freely and voluntarily.  At the close of the arraignment proceeding, the trial court again confirmed that Appellant had spoken to his attorney regarding his desire to enter a guilty plea to both charges and “true” to both enhancements.
(footnote: 3)  

All of these things were again explained by the trial court, to Appellant,  during voir dire.  After the jury was sworn in, the State read the indictments and repeat offender notices again.  Once more, Appellant pleaded “guilty” to each indictment, and pleaded “true” to each repeat offender notice.  Appellant persisted in his guilty pleas after voir dire, when he again heard the range of punishments explained and also heard that he had a right not to testify. 

The record clearly shows that Appellant had a full understanding of what his guilty pleas entailed and of their consequences. 
 See Aguirre-Mata,
 125 S.W.3d at 475.  Because there was a clear showing “spread on the record” that Appellant’s guilty plea was entered intelligently and voluntarily, we have concluded that Appellant’s guilty plea was not involuntary.  
See Boykin
, 395 U.S. at 241, 89 S. Ct. at 1711-12.  Therefore, his due process rights were not violated. 
 See id.

B. Waiver of Rights to Confront Accusers and be Free from Self-Incrimination

Appellant also contends that the trial court erred by failing to ascertain whether he was aware that by pleading guilty he was waiving his constitutional rights to confront his accusers and to be free from self-incrimination.

There are three constitutional rights that a guilty plea waives: the privilege against compelled self-incrimination, the right to a jury trial, and the right to confront one’s accusers.  
See Boykin
, 395 U.S. at 243-44, 89 S. Ct. at 1712; 
Gardner, 
164 S.W.3d at 399.  The failure to inform a defendant concerning his right to confront witnesses and his privilege against self-incrimination does not invalidate a plea of guilty otherwise freely and voluntarily made. 
 Vasquez v. State
, 522 S.W.2d 910, 912 (Tex. Crim. App. 1975). 

Although Appellant contends that the trial court did not ascertain whether he was aware that he was waiving these rights, we have determined that the record clearly shows that Appellant did not waive his rights at all.  
See Boykin
, 395 U.S. at 241, 89 S. Ct. at 1712.  Appellant was afforded the opportunity to cross-examine the State’s witnesses; he exercised this right on four of the five witnesses.  In addition, despite the fact that the trial court had informed Appellant that he had the right not to testify, Appellant proceeded to testify on his own behalf.  Nothing in the record indicates that Appellant waived these rights by pleading guilty.  Furthermore, even if the trial court had failed to inform Appellant of his right to confront witnesses and his privilege against self-incrimination, such failure would not invalidate his guilty plea that was otherwise freely and voluntarily made. 
 See Vasquez
, 522 S.W.2d at 912.  

Because the record affirmatively demonstrates that Appellant entered his guilty plea knowingly, intelligently, voluntarily, and willingly, and because Appellant’s constitutional rights were not violated, we overrule Appellant’s first issue.

IV. Article 26.13 Admonishments

In his second issue, Appellant argues that his convictions should be reversed because the trial court erred in failing to admonish him regarding the consequences of his guilty plea as required by 
Tex. Code Crim. Proc. Ann.
 art. 26.13(a).  Specifically, Appellant contends that the trial court did not admonish him regarding the range of punishment he faced and  that a guilty plea could result in deportation if he was not a citizen of the United States.

Article 26.13(a) lists the admonishments the court must give a defendant upon entry of a guilty plea.
(footnote: 4) Id
.
  
In particular, before the trial court may accept a guilty plea, it must admonish the defendant of the range of punishment attached to the offense, as well as the effect of a guilty plea on the defendant’s citizenship.  
See id. 
art. 26.13(a)(1),(4).  A reviewing court must examine the entire record to determine whether, on its face, it suggests that a defendant did not know the consequences of his plea.  
See Burnett v. State
, 88 S.W.3d 633, 638 (Tex. Crim. App. 2002). 

Substantial compliance with article 26.13 is sufficient unless the appellant can affirmatively show that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.
 
 Hall v. State, 
935 S.W.2d 852, 855 (Tex. App.—San Antonio 1996, no pet.).  Substantial compliance with article 26.13 may be found even when an admonishment required by the statute is entirely omitted, if the admonishment is immaterial. 
 Whitten v. State
, 587 S.W.2d 156, 158 (Tex. Crim. App.1979) (op. on reh’g).  In cases in which the record indicates that the defendant is a United States citizen, the presumption that the deportation admonishment is material to the plea is rebutted, and the trial court’s failure to give the admonishment is not automatically reversible error.  
See Hall
, 935 S.W.2d at 855. 

A. Range of Punishment Admonishment

Appellant first contends that the trial court failed to properly admonish him regarding the range of punishment attached to each offense.  We have determined that the record does not support such a conclusion. 
 See Burnett,
 88 S.W.3d at 638 (stating that reviewing courts must examine the entire record to determine whether, on its face, anything in that record suggests that a defendant did not know the consequences of his plea). 

The trial court properly admonished Appellant regarding his range of punishment on at least two separate occasions.  In both instances the trial court advised Appellant of the charges, the consequences associated with the charges, and the effects that pleading “true” to the enhancement notices would have on the ranges of punishment for each offense.  Appellant’s counsel was present during this time.  The record clearly shows that the trial court properly admonished Appellant regarding the range of punishment attached to each offense to ensure that Appellant understood exactly what he faced.  
See 
Tex. Code Crim. Proc. Ann.
 art. 26.13(a). 
 Accordingly, we reject Appellant’s argument that the trial court failed to properly admonish him regarding the range of punishment attached to each offense.

B. Deportation Admonishment

Appellant also contends the trial court did not admonish him about the deportation consequences of his guilty plea, thus violating article 26.13(a).
  Id.
 
 
art. 26.13(a)(4). 

In the instant case, the record shows that the trial court failed to admonish Appellant regarding the consequences of a guilty plea for noncitizens.  However, the record clearly shows that Appellant is a United States citizen.  During the formal arraignment proceeding, the trial court asked Appellant directly whether or not he was a United States citizen.  Appellant responded affirmatively.
(footnote: 5)  There was no argument by Appellant to dispute his admission.  Because Appellant is a United States citizen and, therefore not subject to deportation, we find the trial court’s failure to give the immigration admonishment constitutes harmless error. 
 See Hall,
 935 S.W.2d at 852 (holding that when a trial court failed to admonish defendant regarding the consequences of a guilty plea the error was harmless because the record reflected that defendant was a U.S. citizen).  
Accordingly, we overrule Appellant’s second issue. 

V. Conclusion

Having overruled Appellant’s two issues, we affirm the trial court’s judgments. 

PER CURIAM

PANEL F: MCCOY, J.; CAYCE, C.J.; and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: January 10, 2008

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The record shows that the trial court went to great lengths to ensure that Appellant understood the charges he faced.  For instance, while the trial court read the charges, the trial court paused periodically to ask Appellant if he understood the charges he was facing and whether he understood the applicable range of punishment for each charge.  Appellant always answered  affirmatively to each question.

3:
Appellant’s attorney was present during the arraignment proceedings.

4:
Those admonishments may be summarized as follows:

(1) the applicable range of punishment;

(2) the fact that the prosecutor’s punishment recommendation is not binding on the trial court; 

(3) the fact that the defendant must obtain the court’s permission to appeal if the punishment assessed does not exceed the prosecutor’s recommendation, except on matters raised by a pretrial written motion; 

(4) the fact that, if the defendant is not a United States citizen, his guilty plea may result in deportation; and

(5) the fact that the defendant will be required to register as a sex offender if he is convicted of an offense which requires registration.  
 Id. 

5:
Court: “Are you a citizen of the United States?”

Appellant: “Yes, sir.”