COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-06-422-CR 

                                               
2-06-423-CR

 

 

FURMON DAVIS, IV                                                             APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 297TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

 

I. Introduction








Appellant Furmon Davis, IV appeals from his
convictions for possession of a controlled substance between one to four grams,
and between four and two hundred grams. 
Appellant raises two issues: (1) that his guilty pleas were involuntary;
and (2) that the trial court erred in failing to admonish him regarding the
consequences of his guilty pleas.  We
affirm.

                           II.
Factual and Procedural Background

A. Factual Background

On December 4, 2005, Officer Brian Burns stopped
a car that he believed was stolen. 
Appellant was a passenger in the car. 
Officer Burns testified that Appellant was not wearing a seatbelt and so
he issued Appellant a ticket.  When
Appellant was unable to provide positive identification Officer Burns arrested
Appellant pursuant to department policy. 
While searching Appellant pursuant to arrest, Officer Burns discovered a
substance in Appellant=s coat pocket that he believed
to be crack cocaine.  The substance was
later determined to be approximately eleven grams of crack cocaine. 

B.  Procedural History   

On October 31, 2006, the State brought two
indictments against Appellant, charging him with possession of a controlled
substance between one to four grams, and between four and two hundred
grams.  Appellant agreed to have both
charges tried in one proceeding. 
Appellant pleaded guilty to both charges and pleaded Atrue@ to two
enhancement notices also alleged in the 
indictments. 








Before voir dire, the trial court informed
Appellant of the charges against him and of the repeat offender
allegations.  Appellant confirmed to the
trial court that he had had an opportunity to discuss the charges and
enhancement notices with his attorney. 
The trial court then informed Appellant of the range of punishment
applicable to each charge, and informed him that if he pleaded guilty he had a
right to a jury trial to determine punishment. 
The trial court also confirmed that Appellant was voluntarily pleading
guilty for no other reason except that he was guilty, that no one had promised
him any benefit to induce his plea, and that he had not been threatened into
entering a guilty plea.  

On October 31 and November 1, 2006, the trial
court held a jury trial on punishment. 
The jury found Appellant guilty on both charges in accordance with the
trial court=s instruction, and the jury
found the repeat offender enhancements to be Atrue.@  The jury assessed twenty years=
confinement for the first offense, and ten years=
confinement for the second offense.  The
trial court sentenced Appellant accordingly, setting the terms to run
consecutively. 

III. Voluntariness of Pleas

In Appellant=s first
issue he argues that his guilty pleas were involuntary and therefore violated
the due process clause.  Appellant also
contends that the trial court failed to ascertain whether Appellant was aware
he was waiving his rights to confront his accusers and be free from
self-incrimination.  








A. Validity of a Guilty Plea     

In order for a guilty plea to be valid under the
due process clause of the United States Constitution, the trial court must
determine that a plea of guilty is entered Aknowingly,
intelligently, voluntarily, and willingly.@  Tex.
Code Crim. Proc. Ann. art. 26.13(b) (Vernon Supp. 2007); see Richards
v. State, 562 S.W.2d 456, 457 (Tex. Crim. App. 1977).  A defendant=s due
process rights are violated if a trial court accepts a defendant=s guilty
plea without a showing Aspread on the record@ that
the guilty plea was entered intelligently and voluntarily.  Boykin v. Alabama, 395 U.S. 238, 242,
89 S. Ct. 1709, 1712 (1969).  Boykin did
not specifically set out what due process requires to be Aspread
on the record@ except to say generally that
state courts should make sure that a guilty‑pleading defendant Ahas a
full understanding of what the plea connotes and of its consequence.@  Aguirre‑Mata v. State, 125
S.W.3d 473, 475 (Tex. Crim. App. 2003).  








In order to find that the plea was entered
intelligently or voluntarily, the court must canvass the matter with the
defendant to make sure he has a full understanding of what the plea connotes
and of its consequences.  See Gardner
v. State, 164 S.W.3d 393, 397 (Tex. Crim. App. 2005).  A defendant must receive real notice of the
true nature of the charge against him in order for a plea to qualify as
intelligent.  See Bousley v. United
States, 523 U.S. 614, 618, 118 S. Ct. 1604, 1609 (1998). 








In the case before us, we have determined that
the record affirmatively demonstrates that Appellant entered his guilty pleas
intelligently and voluntarily.  Contrary
to Appellant=s contention that the record
contains no evidence that the trial court admonished him, our review of the
record shows that the trial court explained the implications of pleading guilty
to Appellant several different times. The trial court first sought to ascertain
whether Appellant understood what pleading guilty entailed during the
arraignment proceeding.  There, the trial
court asked him whether he understood the charges he faced, the repeat offender
notices, and the range of punishment that could be assessed.  To each of these questions Appellant answered
affirmatively that he understood.[2]  Appellant also affirmed that he was entering
his guilty plea and pleading Atrue@ to the
enhancement notices freely and voluntarily. 
At the close of the arraignment proceeding, the trial court again
confirmed that Appellant had spoken to his attorney regarding his desire to
enter a guilty plea to both charges and Atrue@ to both
enhancements.[3]  

All of these things were again explained by the
trial court, to Appellant,  during voir
dire.  After the jury was sworn in, the
State read the indictments and repeat offender notices again.  Once more, Appellant pleaded Aguilty@ to each
indictment, and pleaded Atrue@ to each
repeat offender notice.  Appellant
persisted in his guilty pleas after voir dire, when he again heard the range of
punishments explained and also heard that he had a right not to testify. 

The record clearly shows that Appellant had a
full understanding of what his guilty pleas entailed and of their consequences.
 See Aguirre-Mata, 125 S.W.3d at
475.  Because there was a clear showing Aspread
on the record@ that Appellant=s guilty
plea was entered intelligently and voluntarily, we have concluded that
Appellant=s guilty plea was not
involuntary.  See Boykin, 395 U.S.
at 241, 89 S. Ct. at 1711-12.  Therefore,
his due process rights were not violated.  See id.

 

 

 








B. Waiver of Rights to Confront Accusers and be Free from
Self-Incrimination

Appellant also contends that the trial court
erred by failing to ascertain whether he was aware that by pleading guilty he
was waiving his constitutional rights to confront his accusers and to be free
from self-incrimination.

There are three constitutional rights that a
guilty plea waives: the privilege against compelled self‑incrimination,
the right to a jury trial, and the right to confront one=s
accusers.  See Boykin, 395 U.S. at
243‑44, 89 S. Ct. at 1712; Gardner, 164 S.W.3d at 399.  The failure to inform a defendant concerning
his right to confront witnesses and his privilege against self-incrimination
does not invalidate a plea of guilty otherwise freely and voluntarily made.  Vasquez v. State, 522 S.W.2d 910, 912
(Tex. Crim. App. 1975). 








Although Appellant contends that the trial court
did not ascertain whether he was aware that he was waiving these rights, we
have determined that the record clearly shows that Appellant did not waive his
rights at all.  See Boykin, 395
U.S. at 241, 89 S. Ct. at 1712. 
Appellant was afforded the opportunity to cross-examine the State=s
witnesses; he exercised this right on four of the five witnesses.  In addition, despite the fact that the trial
court had informed Appellant that he had the right not to testify, Appellant proceeded
to testify on his own behalf.  Nothing in
the record indicates that Appellant waived these rights by pleading
guilty.  Furthermore, even if the trial
court had failed to inform Appellant of his right to confront witnesses and his
privilege against self-incrimination, such failure would not invalidate his
guilty plea that was otherwise freely and voluntarily made.  See Vasquez, 522 S.W.2d at 912.  

Because the record affirmatively demonstrates
that Appellant entered his guilty plea knowingly, intelligently, voluntarily,
and willingly, and because Appellant=s
constitutional rights were not violated, we overrule Appellant=s first
issue.

IV. Article 26.13 Admonishments

In his second issue, Appellant argues that his
convictions should be reversed because the trial court erred in failing to
admonish him regarding the consequences of his guilty plea as required by Tex. Code Crim. Proc. Ann. art.
26.13(a).  Specifically, Appellant contends
that the trial court did not admonish him regarding the range of punishment he
faced and  that a guilty plea could
result in deportation if he was not a citizen of the United States.








Article 26.13(a) lists the admonishments the court
must give a defendant upon entry of a guilty plea.[4]
Id. 
In particular, before the trial court may accept a guilty plea,
it must admonish the defendant of the range of punishment attached to the
offense, as well as the effect of a guilty plea on the defendant=s
citizenship.  See id. art.
26.13(a)(1),(4).  A reviewing court must
examine the entire record to determine whether, on its face, it suggests that a
defendant did not know the consequences of his plea.  See Burnett v. State, 88 S.W.3d 633,
638 (Tex. Crim. App. 2002). 








Substantial compliance with article 26.13 is
sufficient unless the appellant can affirmatively show that he was not aware of
the consequences of his plea and that he was misled or harmed by the
admonishment of the court.  Hall v.
State, 935 S.W.2d 852, 855 (Tex. App.CSan
Antonio 1996, no pet.).  Substantial
compliance with article 26.13 may be found even when an admonishment required
by the statute is entirely omitted, if the admonishment is immaterial.  Whitten v. State, 587 S.W.2d 156, 158
(Tex. Crim. App.1979) (op. on reh=g).  In cases in which the record indicates that
the defendant is a United States citizen, the presumption that the deportation
admonishment is material to the plea is rebutted, and the trial court=s
failure to give the admonishment is not automatically reversible error.  See Hall, 935 S.W.2d at 855. 

A. Range of Punishment Admonishment

Appellant first contends that the trial court
failed to properly admonish him regarding the range of punishment attached to
each offense.  We have determined that
the record does not support such a conclusion.  See Burnett, 88 S.W.3d at 638 (stating
that reviewing courts must examine the entire record to determine whether, on
its face, anything in that record suggests that a defendant did not know the
consequences of his plea). 








The trial court properly admonished Appellant
regarding his range of punishment on at least two separate occasions.  In both instances the trial court advised
Appellant of the charges, the consequences associated with the charges, and the
effects that pleading Atrue@ to the
enhancement notices would have on the ranges of punishment for each
offense.  Appellant=s
counsel was present during this time. 
The record clearly shows that the trial court properly admonished
Appellant regarding the range of punishment attached to each offense to ensure
that Appellant understood exactly what he faced.  See Tex.
Code Crim. Proc. Ann. art. 26.13(a). 
Accordingly, we reject Appellant=s
argument that the trial court failed to properly admonish him regarding the
range of punishment attached to each offense.

B. Deportation Admonishment

Appellant also contends the trial court did not
admonish him about the deportation consequences of his guilty plea, thus
violating article 26.13(a).  Id.  art.
26.13(a)(4). 








In the instant case, the record shows that the
trial court failed to admonish Appellant regarding the consequences of a guilty
plea for noncitizens.  However, the
record clearly shows that Appellant is a United States citizen.  During the formal arraignment proceeding, the
trial court asked Appellant directly whether or not he was a United States
citizen.  Appellant responded
affirmatively.[5]  There was no argument by Appellant to dispute
his admission.  Because Appellant is a
United States citizen and, therefore not subject to deportation, we find the
trial court=s failure to give the
immigration admonishment constitutes harmless error.  See Hall, 935 S.W.2d at 852 (holding that
when a trial court failed to admonish defendant regarding the consequences of a
guilty plea the error was harmless because the record reflected that defendant
was a U.S. citizen).  Accordingly, we
overrule Appellant=s second issue. 

                           V. Conclusion

Having overruled Appellant=s two
issues, we affirm the trial court=s
judgments. 

PER
CURIAM

 

PANEL F:    MCCOY,
J.; CAYCE, C.J.; and WALKER, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: January 10,
2008

 

 











[1]See Tex. R. App. P. 47.4.





[2]The record shows that the
trial court went to great lengths to ensure that Appellant understood the
charges he faced.  For instance, while
the trial court read the charges, the trial court paused periodically to ask
Appellant if he understood the charges he was facing and whether he understood
the applicable range of punishment for each charge.  Appellant always answered  affirmatively to each question.





[3]Appellant=s attorney was present
during the arraignment proceedings.





[4]Those admonishments may
be summarized as follows:

(1) the applicable range
of punishment;

(2) the fact that the
prosecutor=s punishment
recommendation is not             binding
on the trial court; 

(3) the fact that the
defendant must obtain the court=s permission to             appeal
if the punishment assessed does not exceed the prosecutor=s               recommendation, except on matters raised by a pretrial
written           motion; 

(4) the fact that, if the
defendant is not a United States citizen, his guilty               plea may result in deportation; and

(5) the fact
that the defendant will be required to register as a sex                offender if he is convicted of an
offense which requires registration.     Id. 





[5]Court: AAre you a citizen of the
United States?@

Appellant: AYes, sir.@